IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Glenn Stout, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| North Star Paving and | ) |
| Construction, Inc., Ken Griner, | ) |
| Steve Foster, and Jack Foster, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. _____ |

## COMPLAINT

Plaintiff, Glenn Stout, by and through his counsel, Seaver & Wagner, LLC, states, claims and alleges as follows:

### JURISDICTION

1.　This Court has jurisdiction over Plaintiff's claims pursuant to AS 22.10.020. Venue is appropriate in this court because the events giving rise to this action all occurred within the Third Judicial District.

### PARTIES

2.　Plaintiff, Glenn Stout, is a resident of the State of Nevada.

3.　Defendant North Star Paving and Construction, Inc. (hereinafter North Star) is a corporation organized under the laws of the State of Alaska.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

4. Upon information and belief, Defendant Ken Griner is a resident of the State of Alaska.

5. Upon information and belief, Defendant Steve Foster is a resident of the State of Alaska.

6. Upon information and belief, Defendant Jack Foster is a resident of the State of Alaska.

## FACTUAL ALLEGATIONS

7. Defendants Steve and Jack Foster hired Mr. Stout on or about August 6, 2002, as a foreman/supervisor.

8. Upon information and belief, Defendant Steve Foster is North Star's Secretary and a shareholder of the corporation.

9. Upon information and belief, Defendant Jack Foster is North Star's President and a shareholder of the corporation.

10. Upon information and belief, Defendant Ken Griner is North Star's Executive Vice President and General Manager and a shareholder in the corporation.

11. Defendant Ken Griner terminated Mr. Stout as of November 20, 2004.

12. During the relevant time period, Defendant North Star employed over 15 employees in various capacities.

13. In 2003, Plaintiff worked for North Star from February through the middle of November. From March 18, 2003, through the middle of November, "the construction

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Complaint
Page 2 of 5

season," Mr. Stout's employment involved working on various contracts between Defendant and the State of Alaska and the Municipality of Anchorage, respectively.

14. During the construction season, Mr. Stout spent greater than 20 percent of his time performing "non-exempt" work of the type regularly performed by the employees he supervised.

15. Examples of Mr. Stout's non-exempt work included operating construction machinery, grading, placing stationing and elevation markers and laying storm pipe.

16. Throughout the 2003 construction season, Mr. Stout was improperly classified as an exempt employee for purposes of Alaska's wage and hour laws.

17. Mr. Stout worked substantial overtime for which he was not compensated.

18. Although terminating Mr. Stout as of November 20, 2004, North Star only paid Mr. Stout through November 13, 2004.

## COUNT I
## VIOLATION OF THE ALASKA WAGE AND HOUR ACT

19. Mr. Stout reallages and incorporates by reference all allegations set forth in Paragraph 1 through 18 as though fully set forth herein.

20. The Defendants' actions violated AS 23.10.060 governing the payment of overtime for non-exempt employees.

21. Mr. Stout is entitled to unpaid overtime in an amount to be determined at trial in this matter, but which is in excess of $50,000.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Complaint
Page 3 of 5

22. Mr. Stout is entitled to liquidated damages in the amount of his unpaid overtime as provided in AS 23.10.110(a).

23. Mr. Stout is entitled to actual attorneys' fees and costs in prosecuting this action as provided in AS 23.10.110(c).

## COUNT II
## VIOLATION OF AS 23.05.140

24. Mr. Stout reallages and incorporates by reference all allegations set forth in Paragraph 1 through 21 as though fully set forth herein.

25. Defendant North Star failed to pay Mr. Stout through the date of his termination as required by AS 23.05.140.

26. Mr. Stout is entitled to be paid through the date of his termination.

27. Mr. Stout is entitled to the penalty provided in AS 23.05.140(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Glenn Stout prays for judgment as follows:

1. For a judgment against Defendants for damages to Plaintiff in an amount to be proven at trial;

2. For a judgment against Defendants for liquidated damages;

3. For a judgment against Defendant North Star for penalties pursuant to AS 23.05.140(d);

4. For actual attorneys fees and costs;

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1st AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Complaint
Page 4 of 5

5. For any other relief as the Court considers appropriate.

DATED this 18th day of March, 2005.

SEAVER & WAGNER, LLC

Attorneys for Plaintiff

By: _____
Timothy W. Seaver
ABA #9711092

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Complaint
Page 5 of 5