Christine V. Williams, Esq.
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Facsimile:  (907) 258-5519

Attorneys for Defendants North Star
Paving and Construction, Inc., Ken
Griner, Steve Foster, and Jack Foster

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| GLENN STOUT,<br><br>    Plaintiff,<br><br>  vs.<br><br>NORTH STAR PAVING AND<br>CONSTRUCTION, INC., KEN<br>GRINER, STEVE FOSTER,<br>and JACK FOSTER,<br><br>    Defendants. | Case No.  3AN-05-6199 CI |

DEFENDANT'S ANSWER TO PLAINTIFF GLENN STOUT'S COMPLAINT

Defendants, North Star Paving and Construction, Inc., Ken Griner, Steve Foster and Jack Foster, by and through their attorneys, Oles Morrison Rinker & Baker LLP, answer plaintiff's complaint, paragraph by paragraph as follows:

## I. COMMON ALLEGATIONS

1. Answering Defendants admit the first sentence in paragraph 1 of plaintiff's complaint. Answering Defendants admit that venue is within the Third Judicial District, but assert that the case should be moved to Kenai Superior Court.

2. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of plaintiff's complaint, and therefore denies the same.

3. Answering Defendants admit the allegations contained in paragraph 3 of plaintiff's complaint.

4. Answering Defendants admit the allegations contained in paragraph 4 of plaintiff's complaint.

5. Answering Defendants admit the allegations contained in paragraph 5 of plaintiff's complaint.

6. Answering Defendants admit the allegations contained in paragraph 6 of plaintiff's complaint.

## II. FACTUAL ALLEGATIONS

7. Answering Defendants admit the allegations contained in paragraph 7 of plaintiff's complaint.

8. Answering Defendants deny the allegation that Mr. Steve Foster is the Secretary of North Star Paving and Construction, Inc., ("North Star"), but admits that Mr. Steve Foster is a shareholder.

9. Answering Defendants deny the allegation that Mr. Jack Foster is North Star's President, but admits that Mr. Jack Foster is a shareholder.

10. Answering Defendants admit the allegations contained in paragraph 10 of plaintiff's complaint.

11. Answering Defendants deny the allegation contained in paragraph 11 of plaintiff's complaint.

12. Answering Defendants deny the allegations contained in paragraph 12 of plaintiff's complaint. Defendant North Star has approximately 12 employees over the winter months and employs over 15 employees during summer months.

13. Answering Defendants admit the allegations contained in paragraph 13 of plaintiff's complaint.

14. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of plaintiff's complaint, and therefore denies the same.

15. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of plaintiff's complaint, and therefore denies the same.

16. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of plaintiff's complaint, and therefore denies the same.

17. Answering Defendants deny the allegation contained in paragraph 17 of plaintiff's complaint.

18. Answering Defendants deny the allegation contained in paragraph 18 of plaintiff's complaint.

## COUNT I
## VIOLATION OF THE ALASKA WAGE AND HOUR ACT

19. Answering Defendants hereby reallege and reincorporate their answers set forth in paragraphs 1-18 above.

20. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of plaintiff's complaint, and therefore denies the same.

21. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of plaintiff's complaint, and therefore denies the same.

22. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of plaintiff's complaint, and therefore denies the same.

23. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of plaintiff's complaint, and therefore denies the same.

## COUNT II
### VIOLATION OF AS 23.05.140

24. Answering Defendants hereby reallege and reincorporate their answers set forth in paragraphs 1-23 above.

25. Answering Defendants deny the allegation contained in paragraph 25 of plaintiff's complaint.

26. Answering Defendants deny the allegation contained in paragraph 26 of plaintiff's complaint.

27. Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of plaintiff's complaint, and therefore denies the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a cause upon which relief can be granted against defendants.

2. Plaintiff's damages, if any, result entirely from the actions of persons or parties other than the defendants.

3. Plaintiff has failed to properly mitigate his damages.

4. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

5. Plaintiff's damages, if any, were proximately caused by the acts or conduct of plaintiff or others, and therefore plaintiff may not recover from defendants.

6. Plaintiff's damages, if any, were proximately caused, in whole or in part, by its own acts or omissions.

7. Defendants reserve the right to assert or plead other and additional affirmative defenses and counterclaims following a reasonable period of discovery.

PRAYER FOR RELIEF

1. That this action be dismissed with prejudice;

2. That defendants be awarded costs and attorney's fees incurred in defending this action; and

3. That defendants be awarded any other relief this court deems just and reasonable.

Dated: April 1, 2005

OLES MORRISON RINKER & BAKER LLP
Attorneys for Defendants
North Star Paving, Ken Griner,
Steve Foster and Jack Foster

By: /s/ Christine V. Williams
Christine V. Williams
Alaska Bar No. 0204007

Certificate of Service

I hereby certify that on this 5th day of April, 2005, a true and correct copy of the foregoing was ☒ mailed / ☐ hand delivered to:

Timothy Seaver, Esq.
Law Offices of Seaver & Wagner, LLC
421 West First Avenue, Suite 250
Anchorage, AK 99501

OLES MORRISON RINKER & BAKER LLP

By: /s/ Deneen Tuck
Deneen Tuck

10096/10/pleading/01cvwanswer

*Glenn Stout v. North Star Paving & Construction*
Defendant's Answer to Plaintiff's Complaint                    Page 9 of 9