IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| GLENN STOUT,<br><br>        Plaintiff,<br>vs.<br><br>NORTH STAR PAVING & CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3AN-05-6199 CI

## OPPOSITION TO DEFENDANTS' MOTION FOR CHANGE OF VENUE

Plaintiff Glenn Stout, through his attorneys Seaver & Wagner, LLC, hereby opposes Defendants' Motion for Change of Venue.

Defendants' motion fails for two reasons: first, it rests on the incorrect premise that Mr. Glenn's complaint in this matter involves a claim of age discrimination; second, Defendants have failed to follow the explicit requirements of the law regarding change of venue.

### ARGUMENT

Defendants correctly state that they bear the burden on a motion for change of venue.[1] They ignore, however, the remainder of the holding of the case upon which they rely for their argument. That case, Couglan v. Couglan,[2] provides that:

---

[1] Couglan v. Couglan, 423 P.2d 1010, 1015 (Alaska 1967).
[2] Id.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

> The showing in support of a motion for change of place of trial should be made by an affidavit which specifically states which of the statutory grounds is relied upon and must state the facts which support the grounds being urged.
>
> Where statutory ground (2) which states that 'when the convenience of witnesses and the ends of justice would be promoted by the change' is urged, the affidavit must state the names of the witnesses and the nature of the testimony expected from each, show that their proposed testimony is admissible, relevant and material to an issue in the case as shown by the record and state the reasons why the attendance of each would be inconvenient. In urging this statutory ground, the moving party bears the burden of proving not only that the convenience of the witnesses will be promoted but also that the ends of justice will be promoted by the change since the two conditions are stated conjunctively.[3]

Moreover, Couglan also specifically states that "[i]n the absence of unusual circumstances the convenience of the parties is not to be considered in weighing the merits of a motion for change of place of trial."[4]

Although attaching an affidavit, Defendants fail to mention the name of even a single witness let alone the various other explicit requirements established by Couglan. Curiously, even if one were to excuse the Defendants' lack of explicit information regarding witnesses, Defendants' motion would still fail. Defendants' claim that they "strongly dispute" Mr. Stout's claims of age discrimination and that they intend to "call witnesses to attest that the plaintiff was not given his termination notice because of his age."[5] Yet, Mr. Stout's complaint makes no claim of age termination. The complaint involves a claim for unpaid overtime and for failure to pay wages pursuant to AS 23.05.140.[6] Thus, even taken on its own terms, Defendants' motion still fails.

---

[3] Id. see also, Crowson v. Sealaska Corp., 705 P.2d 905, 908 (Alaska 1985).
[4] Id.
[5] Def. Motion at 3.
[6] Defendants' confusion apparently arises from the fact that Mr. Stout has asserted claims with the Alaska Human Rights Commission regarding age discrimination. Mr. Stout has not yet sought to pursue those claims through the Courts.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

As for the primary basis of Mr. Stout's complaint – the unpaid overtime claim – all of the critical witnesses, other than Mr. Stout himself, are based in Anchorage. As the attached affidavit demonstrates, during the period for which he seeks overtime he spent the substantial majority of his time on three construction projects. Two of those projects were in Anchorage, and one was in Seward. The critical witnesses for these claims are the inspectors assigned by the Municipality of Anchorage and the State of Alaska, respectively, to inspect the progress of the projects. These inspectors are Demetria McCullough, Rod Sanborn, and Greg Hodge. Each of these witnesses is based in the Anchorage area. These witnesses have personal knowledge that Mr. Stout spent substantially more than the 20 percent threshold relevant to this case on non-exempt duties. They also have personal knowledge that Mr. Stout was present at the various work sites to which they were assigned for substantially more than 8 hours a day and 40 hours per week. Finally, the testimony of these witnesses is of particular importance because they were required under the various contracts to be present at all times at which work was performed on the contracts, and therefore they have extensive personal knowledge of Mr. Stout's actual activities. In sum, the witnesses with the most extensive knowledge of Mr. Stout's actual day-to-day activities are all based in Anchorage.

That Mr. Stout spent his time in Anchorage and Seward and virtually none in Kenai also defeats Defendants' claim that the interests of justice require that the matter be resolved in Kenai. On the contrary, to the extent that either area has an interest in the outcome of the case (a dubious proposition indeed), it appears that Anchorage has the greater interest.

Finally, Mr. Stout's current residence outside of the State of Alaska and Defendants' residency in Kenai does nothing to advance Defendants' motion. As stated above, "[i]n the absence of unusual circumstances the convenience of the parties is not to

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Opposition to Defendant's Motion for Change of Venue
Case No. 3AN-05-6199 Civil
Page 3 of 4

be considered in weighing the merits of a motion for change of place of trial."[7] Defendants have offered no claim of "special circumstances" to justify their motion here. Nor do their claims regarding Mr. Stout's location hold water. After all, there are many direct flights to Anchorage from the lower 48 states, but none that go to Kenai except, of course, through Anchorage.

## CONCLUSION

Defendants have failed to provide any of the proof necessary to meet their burden to seek a change of venue. In addition, Mr. Stout has demonstrated that the three critical witnesses in this case all are based in Anchorage. Defendants' motion should be denied.

DATED this 18th day of April, 2005 at Anchorage, Alaska.

SEAVER & WAGNER, LLC

Attorneys for Plaintiff

By: _____
Timothy W. Seaver
ABA #9711092

Certificate of Service
The undersigned certifies that the foregoing document was served by mail on this 18 day of April, 2005.

Christine Williams
Oles Morrison Rinker & Baker LLP
745 W. 4th Avenue, Suite 502
Anchorage, AK 99501

Connie Jenkins

---

[7] Id.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Opposition to Defendant's Motion for Change of Venue
Case No. 3AN-05-6199 Civil
Page 4 of 4

RECEIVED
APR 19 2005
OMR & B, Anc.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

GLENN STOUT,                          )
                                      )
                    Plaintiff,        )
      vs.                             )
                                      )
NORTH STAR PAVING &                   )
CONSTRUCTION, INC., KEN               )
GRINER, STEVE FOSTER, and             )
JACK FOSTER,                          )
                                      )
                    Defendants.       )
_____)   Case No. 3AN-05-6199 CI

## AFFIDAVIT OF GLENN STOUT

Glenn Stout, first being sworn on oath, deposes and states as follows:

1.   During the period relevant to my complaint, I spent the substantial majority of my time on three construction projects. Two of those projects were located in Anchorage, and one was in Seward.

2.   Other than myself, the persons with the most extensive knowledge of my actual work duties and the amount of time I spent performing those duties are the inspectors assigned by the Municipality of Anchorage and the State of Alaska, respectively, to inspect the progress of the projects. These inspectors are Demetria McCullough, Rod Sanborn, and Greg Hodge. These witnesses were required under the various contracts to be present at all times at which work was performed on the contracts.

3.   Each of these three witnesses is based in the Anchorage area. They have personal knowledge that I spent substantially more than 20 percent of my time

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

performing manual/operator duties. They also have knowledge that I was present at the various work sites to which they were assigned for substantially more than 8 hours per day and 40 hours per week.

DATED this ____ day of April, 2005 at Anchorage, Alaska.

_____
Glenn Stout

STATE OF ALASKA            )
                           )ss
THIRD JUDICIAL DISTRICT    )

SUBSCRIBED AND SWORN TO or AFFIRMED before me on this _____ day of April, 2005 at Anchorage, Alaska.

_____
Notary Public
My commission expires _____

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Affidavit of Glenn Stout
Case No.3AN-05-6199 Civil
Page 2 of 2

RECEIVED
APR 1 9 2005
OMR & B, Anc.

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| GLENN STOUT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| NORTH STAR PAVING & CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3AN-05-6199 CI

### ORDER

Upon consideration of the Defendants' Motion for Change of Venue and the Plaintiff's opposition thereto, the Motion for Change of Venue is HEREBY DENIED.

DATED this ____ day of _____, 2005 at Anchorage, Alaska.

_____
Judge Peter Michalski
Superior Court Judge

Certificate of Service
The undersigned certifies that the foregoing Order was served by mail
on this _18_ day of ~~March~~ April, 2004.
Christine Williams
Oles Morrison Rinker & Baker LLP
745 W. 4th Avenue, Suite 502
Anchorage, AK 99501

_____
Connie Jenkins

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033