Christine V. Williams, Esq.
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Facsimile:  (907) 258-5519

Attorneys for Defendants North Star
Paving and Construction, Inc., Ken
Griner, Steve Foster, and Jack Foster

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| GLENN STOUT, | ) |
| Plaintiff, | ) |
| vs. | ) |
| NORTH STAR PAVING AND CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER, | ) Case No.  3AN-05-6199 CI |
| Defendants. | ) |

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR CHANGE OF VENUE

I.  INTRODUCTION

Defendants, North Star Paving and Construction, Inc., Ken Griner, Steve Foster and Jack Foster (collectively "North

Star"), by and through their attorneys, Oles Morrison Rinker & Baker LLP, reply as follows:

North Star is disputing that the plaintiff is due overpaid wages as evidenced in the underlying Motion and Answer concurrently filed. The plaintiff makes his allegations against a company based out of Soldotna, Alaska. The defendants as both parties and witnesses, as stated in the motion and supported by its attached affidavit, are residents of Soldotna.[1] Additionally, the majority of non-party witnesses, as set forth below, would be best served by a trial in Kenai, Alaska.

## II. LAW

The plaintiff is incorrect in relying exclusively on *Coughlan* to support his proposition that only the convenience of the witnesses are to be considered in a venue motion. Specifically, Supreme Court Order No. 5 in 1959 enacted Alaska Rule of Civil Procedure 3. In its original form, as the *Coughlan* court noted, the convenience of the parties was not

---

[1] *See* Motion at 4.

*Stout v. North Star Paving*
Case No. 3AN-05-6199 CI
Reply to Plaintiff's Opposition
to Defendants' Motion to Change Venue                    Page 2 of 5

always considered when deciding a venue motion. *See Coughlan*, 423 P.2d at 1015. That is because Rule 3 did not yet expressly provide for that consideration. The original rule was amended to its present form, and now Rule 3 expressly considers the convenience of the witnesses and parties when deciding a venue motion. *See* Exhibit A. Additionally, Supreme Court Order No. 683 provided for consideration of the parties and witnesses and took effect on May 15, 1986. *See* Exhibit B. Thus, the convenience of both the parties and the witnesses is now considered.

### III. FACTS

The plaintiff presents as evidence an unsigned affidavit that only states three witnesses reside in Anchorage. There is absolutely no mention that the convenience of these witnesses would be best served by having a trial in Anchorage. This is noteworthy considering that at least one of these witnesses was based out of Seward, Alaska during one full project. *See* Opposition at 3. Thus, the facts have evolved as follows: (1) all the defendants reside in Soldotna; (2) the relevant documents are all located in Soldotna; (3) the company

*Stout v. North Star Paving*
Case No. 3AN-05-6199 CI
Reply to Plaintiff's Opposition
to Defendants' Motion to Change Venue                    Page 3 of 5

and its employees and witnesses, further set forth in the attached affidavit, Exhibit C, are based out of Soldotna; (4) the plaintiff resides out of state; and (5) the convenience of the plaintiff's witnesses has not been attested to in any meaningful form.  Considering these facts and the law as it stands today, the balance clearly tips in favor of moving the trial to Soldotna's sister city, Kenai, Alaska.

Dated: April 20, 2005          OLES MORRISON RINKER & BAKER LLP
                               Attorneys for Defendants
                               North Star Paving, Ken Griner,
                               Steve Foster and Jack Foster


                          By: _____
                               Christine V. Williams
                               Alaska Bar No. 0204007

*Stout v. North Star Paving*
Case No.  3AN-05-6199 CI
Reply to Plaintiff's Opposition
to Defendants' Motion to Change Venue                    Page 4 of 5

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106   Fax: (907) 258-5519

Certificate of Service

I hereby certify that on this 20TH day of April, 2005, a true and correct copy of the foregoing was ☒ mailed / ☐ hand delivered to:

Timothy Seaver, Esq.
Law Offices of Seaver & Wagner, LLC
421 West First Avenue, Suite 250
Anchorage, AK  99501

OLES MORRISON RINKER & BAKER LLP

By: _Deneen Tuck_
    Deneen Tuck

10096/10/pleadings/06cvwreplyvenue

*Stout v. North Star Paving*
Case No.  3AN-05-6199 CI
Reply to Plaintiff's Opposition
to Defendants' Motion to Change Venue                    Page 5 of 5

RULES OF CIVIL PROCEDURE

PART I.  SCOPE OF RULES - CONSTRUCTION - ONE FORM OF ACTION

Rule 1.  Scope of Rules - Construction.

The procedure in the superior court and so far as applicable, in the magistrate courts, shall be governed by these rules in all actions or proceedings of a civil nature - legal, equitable or otherwise.  These rules shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding.

Rule 2.  One Form of Action.

There shall be one form of action to be known as a "civil action."

PART II.  COMMENCEMENT OF ACTION - SERVICE OF PROCESS, PLEADINGS, MOTIONS AND ORDERS

Rule 3.  Commencement of Action.

A civil action is commenced by filing a complaint with the court.

Rule 4.  Process.

(a)  Summons - Issuance.  Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to a peace officer or to a person specially appointed to serve it.  Upon request of the plaintiff separate or additional summons shall issue against any defendants.

-1-  Exhibit __A__, Page __1__ of __12__

ORDER ADOPTING RULES

It is hereby ordered:

That the foregoing rules, numbered 1 to 116, inclusive, be and the same are hereby adopted as the Rules of Civil Procedure governing the superior court and the magistrate courts of the State of Alaska effective at a date to be determined by further order of the court.

Dated at Juneau, Alaska, this 9th day of October, 1959.

/s/ Buell A. Nesbett
    Chief Justice

/s/ Walter H. Hodge
    Associate Justice

/s/ John H. Dimond
    Associate Justice

IN THE SUPREME COURT FOR THE STATE OF ALASKA

ORDER NO. 683

Amending Civil Rule 3 on Commencement of Actions to Include Venue Information for Civil Cases

IT IS ORDERED:

The following language is added to existing Civil Rule 3 which as amended shall read:

Rule 3. Commencement of Action and Venue.

(a) A civil action is commenced by filing a complaint with the court.

(b) All actions in ejectment, for recovery of possession, for quieting title, for partition, or for the enforcement of liens upon real property shall be commenced in the superior court in the judicial district in which the real property, or any part of it affected by the action, is situated. Such actions may also be commenced in the venue district in which the real property is located if the superior court in the district accepts such cases for filing.

(c) In a civil action other than one specified in (a) of this rule, the action may be commenced either in: (1) the judicial district in which the claim arose; or (2) a judicial district where the defendant may be personally served; or (3) a venue district where the claim arose or where the defendant may be personally served if the superior court in the district accepts such cases for filing.

(d) Subject to a change of venue motion under AS 22.10.040, a trial and any precedent or antecedent hearings in an action shall be conducted in a venue district within the judicial district at a location which would best serve the convenience of the parties and witnesses. However, if there is any part of more than one venue district within the boundaries of a borough, the trial and related hearings shall be conducted within the borough's boundaries at a location which would best serve the convenience of the parties and witnesses.

Exhibit B  Page 1 of 2

Supreme Court Order No. 683
Page 2

(e) Actions in cases not previously covered under this rule may be commenced in any judicial district of the state.

(f) Failure to make timely objection to improper venue waives the venue requirements of this rule.

(g) Venue districts as used in this rule refer to the districts referenced in the Venue District Map attached to Criminal Rule 18.1.

DATED: April 24, 1986
EFFECTIVE DATE: May 15, 1986

_____
Chief Justice Rabinowitz

_____
Justice Burke

_____
Justice Matthews

_____
Justice Compton

_____
Justice Moore

Exhibit B, Page 2 of 2

Christine V. Williams, Esq.
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, AK  99501-2136
Telephone:  (907) 258-0106
Facsimile:  (907) 258-5519

Attorneys for Defendants North Star
Paving and Construction, Inc., Ken
Griner, Steve Foster, and Jack Foster

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| GLENN STOUT,<br><br>      Plaintiff,<br><br>  vs.<br><br>NORTH STAR PAVING AND CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER,<br><br>      Defendants. | Case No.  3AN-05-6199 CI |

### AFFIDAVIT OF KEN GRINER

STATE OF ALASKA      )
                     ) ss
THIRD JUDICIAL DISTRICT )

      Ken Griner, being first duly sworn, deposes and says:

OLES MORRISON RINKER & BAKER LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106    Fax: (907) 258-5519

1. I am the Executive Vice-President and General Manager of North Star Paving and Construction, Inc. ("North Star"), and I have personal knowledge of the facts stated herein. I am over the age of 21 and in all ways competent to make this affidavit. If called, I could testify to the following based upon my personal knowledge.

2. I am a resident of Soldotna, Alaska, and am an owner and operator of North Star, a business located in Soldotna.

3. Individuals, who have knowledge and information concerning the facts in this case and are potential witnesses, all live on the Kenai Peninsula and their convenience would be served by having the trial in Kenai, Alaska. These witnesses include, but are not limited to (pending discovery) the following: Jeff Hanson, Bogie Taylor, Jackie Grossl, Shari Whitford, Butch Hanson, and Dane Dahlgren.

4. In addition to those witnesses, all the named personal defendants are residents of the Kenai Peninsula and the

*Stout v. North Star Paving*
Case No. 3AN-05-6199 CI
Affidavit of Ken Griner

Page 2 of 3

defendant company is based on the Kenai Peninsula.

_____
Ken Griner

SUBSCRIBED AND SWORN to before me this 20th day of April, 2005.

_____
Notary Public in and for Alaska
My commission expires: 8-17-06

## Certificate of Service

I hereby certify that on this 20th day of April, 2005, a true and correct copy of the foregoing was ☒ mailed / ☐ hand delivered to:

Timothy Seaver, Esq.
Law Offices of Seaver & Wagner, LLC
421 West First Avenue, Suite 250
Anchorage, AK  99501

OLES MORRISON RINKER & BAKER LLP

By: _____
Deneen Tuck

*Stout v. North Star Paving*
Case No.  3AN-05-6199 CI
Affidavit of Ken Griner

Page 3 of 3