IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

GLENN STOUT, )
)
      Plaintiffs, )
vs. )
)
NORTH STAR PAVING AND CONSTRUCTION, )   CASE NO. 3KN-05-349 CI
INC., KEN GRINER, STEVE FOSTER and )
JACK FOSTER, )
)
      Defendants. )
_____ )   PRETRIAL SCHEDULING ORDER
  CIVIL COURT TRIAL

This Case is Assigned to: __Judge Charles T. Huguelet__

Trial Will be Held in: __Courtroom B, Kenai, Alaska__

1.   Dates.    Trial to Commence: __Week of October 23, 2006 for five days__

Trial Setting Conference: __Conference set 8/25/05 is vacated__

Motions to Amend Pleadings/Join Parties: __September 26, 2005__

Disclosure of Expert Witnesses: __May 22, 2006__

Disclosure of Expert Witness(es)' Reports: __June 19, 2006__

Supplementation of Disclosures: __See paragraph 6__

Close of Discovery: __July 3, 2006__

Preliminary Witness List: __May 22, 2006__

Final Witness List: __October 2, 2006__

Object. to Deposition/Telephonic Test: __September 25, 2006__

Dispositive Motions: __July 31, 2006__

Discovery Motions: __September 25, 2006__

Motions *In Limine*: __September 25, 2006__

Trial Brief: __October 6, 2006__

Exchange of Exhibits: __October 2, 2006__

Objections to Exhibits: __October 16, 2006__

Request for Mediation/Settlement Conf.: __September 15, 2006__

2. <u>Amendments to Pleadings/Joinder of Parties</u>.

   a. **Time.** The parties may add parties or amend their pleadings **without motion** within 30 days of the date of this order. **Motions** to join parties or amend pleadings must be filed and served by the date listed in paragraph 1.

   b. **Service on New Party.** If a new party is joined in this action, the party responsible for such joinder shall serve on the new party a copy of this Pretrial Order and all pleadings and other documents filed to date. Service must take place within seven calendar days after entry of appearance or answer by each new party. Proof of service shall be filed.

3. <u>Initial Disclosures</u>.

   If not previously made, by the date set forth in the Report of the Parties' Planning Meeting, the parties shall make full and complete disclosure as required by Civil Rule 26 (a) (1). A party added after the filing of the initial complaint must make initial disclosures, or seek an extension from the court, within 30 days of the date the newly joined party's answer is due.

4. <u>Disclosure of Expert Testimony</u>. Civil Rule 26(a)(2).

   a. **Expert Witnesses.** Each party must disclose the identity of witnesses who may be used at trial to present evidence under Evidence Rules 702, 703, or 706. Disclosure must be made by the date listed in paragraph 1.

   b. **Expert Reports.** Each party must disclose a written report for each independent expert witness by the date listed in paragraph 1. Each report must contain the information listed in Civil Rule 26(a)(2)(B). Disclosures that list only the subject matter or general area(s) of the expert's testimony are insufficient. Expert disclosures must be detailed and explicit.

   c. **Perpetuation of Expert Testimony.** Unless otherwise agreed by all parties, no depositions may be taken to perpetuate the testimony of any expert unless the party calling that expert, and seeking to perpetuate the expert's testimony, has first made the expert available, upon request, to the other parties for a discovery deposition.

5. <u>Discovery Plan</u>.

   a. **Limits on Discovery.** Discovery must be conducted in accordance with Civil Rules 26 through 37, this Pretrial Order, and the discovery plan contained in the Report of the Parties' Planning Meeting.

   b. **Deadline.** Discovery must be completed by the date listed in paragraph 1. This means that interrogatories, requests for production, or requests for admission must be served sufficiently ahead of this date so that responses are due by the date discovery closes. Requests that do not allow response by this date are deemed

untimely and no response need be given. Responses must be supplemented as provided in Civil Rule 26(e)(2) and paragraph 6 of this order.

    c. **Extension of Deadlines.** If all parties stipulate to extend discovery pursuant to Civil Rule 29, the court will permit this variance as long as it does not interfere with the time set for filing of motions, for the hearing of a motion, for a decision on a motion, or for trial.

6. <u>Supplementation of Disclosures and Discovery.</u> Initial disclosures, expert disclosures, interrogatories, requests for production and requests for admission must be supplemented under Civil Rule 26(e)(1) & (2). Supplementation, where applicable, is due every 30 days commencing on the 60th day following entry of this order.

7. <u>Witness Lists.</u>

    a. **Preliminary Witness Lists.** Each party must file and serve a preliminary witness list by the date listed in paragraph 1. This list must contain the name, address and telephone number of each lay, expert, and known rebuttal witness whom the party intends to call at trial. The parties must timely disclose any information known to the parties regarding changes in addresses or telephone numbers.

    b. **Final Witness Lists Under Civil Rule 26(a)(3).** Each party must file and serve a final, alphabetized, witness list by the date listed in paragraph 1. Only witnesses on this list will be permitted to testify at trial. The list must also provide a factually specific statement identifying the subject on which each witness will testify. This statement must be factually specific enough to avoid surprise and delay at trial and to give the opposing party an adequate basis to determine whether to take the witness's deposition. The information required for the preliminary witness list is also required for the final list (name, expert designation, address, and telephone number). The final witness list must separately identify the witnesses a party expects to present from those whom the party may call if the need arises, and identify the **specific** circumstances that may trigger such a need. See also paragraph 8 of this order.

8. <u>Witnesses at Trial.</u>

    a. **Deposition Testimony.** The final witness list must identify all witnesses whose testimony is expected to be presented by means of a deposition. The proponent of such testimony must specifically designate, by page and line, those portions of the deposition(s) which are proposed to be read or shown. Any objections or counter-designations must be filed and served by the date listed in paragraph 1. Absent a showing of good cause, objections which are not timely filed will be deemed waived, and the objecting party will be deemed to have accepted the original designations. On the first day of trial, the party in custody of the original deposition shall file the deposition in court and file and serve a list identifying each deposition filed. **Bench copies in a format that facilitates a ruling on objections (i.e., underlining or highlighting the disputed and undisputed testimony) shall also be provided.**

    b.    **Telephonic Testimony.** The final witness list must identify all witnesses who will be offered as telephonic witnesses at trial. If a stipulation permitting telephonic testimony has been entered into, the final witness list should so state. If the parties are unable to reach a stipulation, objections must be filed and served by the date listed in paragraph 1. See also paragraph 17 of this order.

    c.    **Order of Witnesses.** At the time stated below, each party must file and serve a daily witness list stating the precise order in which the party intends to call each witness during trial. No witness may be called out of the sequence listed without a court order unless the parties stipulate, or the opposing party(ies) is notified by the end of the preceding (in court) trial day.

        (1)    Plaintiff(s) shall file and serve the list on or before the last business day trial is scheduled to begin, and daily thereafter.

        (2)    Defendant(s) shall file and serve the list on the trial day before defendant(s)'s first witness will be called to the witness stand, and daily thereafter.

9.    <u>Motions</u>.

    a.    **Dispositive Motions.** Dispositive motions or motions to determine a rule of law in the case must be filed by the date listed in paragraph 1.

    b.    **Discovery Motions.** Discovery motions must be filed by the date listed in paragraph 1.

    c.    **Other Motions.** Motions to determine the admissibility of evidence or other *in limine* matters must be filed by the date listed in paragraph 1.

    d.    **Form of Motions.** Briefs must be limited to 20 pages plus exhibits the party wishes considered. Reply briefs must be limited to 5 pages. Issues raised for the first time in a reply brief will not be considered. No more than three case citations should be cited for each issue raised (no string citations). Cases cited **must** be commented upon. If 20 pages is inadequate to fully brief the issue(s), permission must be requested to file an over-length brief. If the moving party obtains permission to file an over-length brief, the responding party is automatically afforded identical permission. If the responding party desires additional relief, it must be requested from the court.

10.    <u>Trial Brief</u>. Each party shall file and serve a trial brief by the date listed in paragraph 1. The brief must contain:

    a.    **Statement of the Case.** A short, plain and candid statement of the facts of the case.

    b.    **Facts for Which No Proof is Needed.** A short, plain and candid statement of each fact for which no proof need be offered at trial. This statement shall include: facts

agreed to by the parties, facts the parties agree can be judicially noted, facts admitted in pleadings, interrogatories, requests for admissions, or other records on file. The parties shall enter into a written stipulation of these facts. A copy of this stipulation **must** be attached as an exhibit to each party's trial brief.

c. **Contested Facts.** A short, plain and candid statement of each contested issue of fact which remains to be resolved.

d. **Contested Legal Issues.** A short, plain and candid statement of each contested issue of law which remains to be litigated.

e. **Trial Brief.** A legal brief supporting the party's position as to each contested issue of law stated in paragraph (d) above, and each question of law or evidence which the party can reasonably anticipate may arise during the course of the trial. Pertinent, persuasive or controlling authority must be cited. In presenting matters of law to the court, a party must disclose controlling legal authority which is known to the party to be adverse to the party's position.

11. <u>Exhibits</u>.

a. All parties shall meet by the date listed in paragraph 1 to exchange copies of exhibits sought to be admitted at trial and to stipulate to admissibility. If the parties are represented, counsel with authority to "bind" each party must attend this meeting. At this meeting, using the court exhibit list form, TF-200, each party shall exchange written lists of exhibits intended for use at trial and shall present the **actual** exhibits for inspection. All exhibits must be marked for identification in accordance with Civil Rule 43.1 and Administrative Bulletin No. 9 (found immediately following CR 43.1 in *Alaska Rules of Court*).

b. At this meeting, the parties shall stipulate to the extent possible to (1) the existence of adequate foundation for exhibits; (2) waiver of the best evidence rule; (3) the relevancy of each exhibit; and (4) admissibility of exhibits. In the "admitted" column of the exhibit list, each party shall initial each exhibit for which all parties stipulate admissibility.

c. At this meeting, the parties shall eliminate duplicate designation of exhibits. Each exhibit may be listed only on the final exhibit list of the party who anticipates introducing it first. If it is unclear which party may first introduce a particular exhibit, it shall appear only on the list of the party first named in the caption who might introduce it. Any party may utilize and seek admission of any exhibit appearing on any party's exhibit list.

d. On the first day of trial, each party shall file the original and a "bench" copy of its final exhibit list with the in-court clerk. **A copy of the exhibits shall be provided for the judge's use.** The parties shall retain possession of the original exhibits until they are offered into evidence.

e. All exhibits must be legible or they will not be admitted into evidence.

f. All objections to proposed exhibits, including those based on foundation, relevancy, or best evidence, shall be made in writing and filed and served by the date listed in paragraph 1. Exhibits which are not objected to shall be admitted, except upon a showing of good cause.

g. Exhibits which are not submitted as required by this order will not be admitted at trial, except upon a showing of good cause.

12. Mediation. Mediation is encouraged. A motion or stipulation for court appointment of a mediator must be filed by the date listed in paragraph 1. The motion and mediation must comply with, and be governed by, Civil Rule 100. **Mediation may be arranged by agreement of the parties at any time**. A request for mediation will not be grounds to continue the trial.

13. Settlement Conference.

a. Upon the receipt of a stipulation, the granting of a motion requesting a settlement conference, or upon the court's own motion, the court may schedule a settlement conference.

b. Settlement conferences will be scheduled before the assigned judge only if all parties agree in writing.

c. If a party is represented, settlement conferences must be attended by the attorney who will actually be lead trial counsel.

d. Each party shall attend the settlement conference, except that parties and insurers located out-of-state may be available by telephone. However, a party or insurer who is participating telephonically must be available by telephone for the duration of the conference, regardless of the time at that locale. At the settlement conference, each counsel and party shall be prepared to discuss the case on the merits and discuss all settlement possibilities.

e. At least 48 hours before the settlement conference, each party shall file (but not serve on the adverse parties) in the chambers of the settlement conference judge, a **straightforward and truthful** brief not to exceed five (5) pages plus copies of any documents the party wants to have reviewed. The settlement brief must include the following: (a) a short statement of the case; (b) a summary of settlement efforts to date; (c) three candid reasons why the party believes it should prevail on each disputed issue of fact or law; and, (d) three candid reasons why the party believes it might not prevail on each disputed issue of fact or law. "Clones" of trial briefs, demand letters, settlement offers or motion practice briefs are **not acceptable**. Following the settlement conference, the settlement conference judge will return or destroy all settlement briefs. They will not be retained as a permanent part of the file, except upon request for good cause shown.

14. <u>Settlement</u>. If the case settles prior to trial, plaintiff shall advise the court as soon as possible so that the case may be removed from the trial calendar.

15. <u>Trial Procedure</u>.

   a. **Trial Hours.** Unless otherwise ordered, trials will commence promptly at 8:30 a.m. Attorneys and parties should be present not later than 8:15 a.m. Trial will conclude at 1:30 p.m. in Kenai and 4:30 p.m. in Homer and Seward.

   b. **Limitation on Testimony.** Cumulative or irrelevant testimony will be precluded at trial. Each party shall be prepared to make an offer of proof as to the specific fact(s) (not the general area) to which each witness will testify.

   c. **Exclusion of Witnesses.** Witnesses shall be excluded from the courtroom pursuant to Alaska Rule of Evidence 615. The parties shall be individually and collectively responsible for informing the court when witnesses, or potential witnesses, are present in the courtroom prior to testifying. The parties shall instruct each of their witnesses not to discuss their testimony with other witnesses except as otherwise permitted by law.

   d. **Existence of Protective Orders.** The parties shall inform their witnesses of the existence of any protective orders entered by the court and ensure the witnesses' compliance therewith.

16. <u>Pretrial Conference</u>. Pretrial conferences will not be separately scheduled unless requested by motion or stipulated to by the parties with the court's approval. Generally, consideration of pending motions not previously disposed of, objections, and other matters that may tend to expedite trial of the case will be addressed the first day of trial.

17. <u>Telephonic Testimony and Appearances</u>. Telephonic **appearances** at pretrial hearings by out-of-town counsel and parties will generally be allowed. Requests for telephonic **testimony** are governed by the Civil Rules and this order (see paragraph 8(b) of this order). It is the responsibility of the party requesting telephonic participation to arrange and pay for it. **The court will not do so.** This can generally be accomplished by supplying the in-court clerk, or the judge's secretary, with a number at which the telephonic party will accept a collect call.

18. <u>Assignment and Reassignment</u>. This case has been assigned. Upon reassignment, all provisions and scheduled dates in this order shall remain in effect unless changed by the newly assigned judge.

19. <u>Filing/Service Deadlines—Responsibility for Compliance</u>. The dates set forth in paragraph 1 are deadlines by which the document or pleading must be filed and served. It is the responsibility of each party to comply with the dates set forth in this Pretrial Order. A party

shall not file any required document late. A document not filed on time shall be **lodged (not filed)** with a motion to accept late filing with an accompanying memorandum supported by affidavits or other verifiable evidence. In the absence of such a motion, the document shall be treated as **not filed**, and no response is necessary.

20. <u>Fax Filings</u>. The court will not accept any fax filings without prior permission approving the use of fax filings. In the event fax filings are authorized, they will **only** be accepted at (907) 283-7702. A follow-up original should **not** be filed. Fax pleadings received after 4:30 p.m., in whole or in part, will be treated as received, in their entirety, the following business day.

21. <u>Modification of Pretrial Order</u>. Objections to, or motions to modify any portion of this Pretrial Order must be made within 30 days of the date shown on the clerk's certificate of distribution thereof. Newly joined parties may file objections, or motions to modify within 30 days of being served a copy. The court will consider reasonable stipulations to amend this order to conform to the parties' particular circumstances at any time. Stipulations must receive court approval prior to becoming effective. An appropriate order should be submitted.

22. <u>Compliance with Order</u>. The provisions of this order are binding on all parties. Failure to comply with any provision of this order may result in the imposition of sanctions against a party or attorney, including, but not limited to, those sanctions authorized by Civil Rules 37 and 95.

DATED at Kenai, Alaska this _____ day of August, 2005

_____
Charles T. Huguelet
Superior Court Judge

I certify that a copy of the foregoing was mailed
& faxed to the following at their addresses of record:

SEAVER
WILLIAMS

Date: 8/25/05   Clerk: LCC

PRETRIAL SCHEDULING ORDER CIVIL COURT TRIAL
Kenai, Homer and Seward (9/97)