RECEIVED
MAR 1 5 2006
PATTON BOGGS LLP

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| GLENN STOUT,<br><br>        Plaintiff,<br><br>vs.<br><br>NORTH STAR PAVING AND CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER,<br><br>        Defendants. | FILED in Trial Courts<br>State of Alaska, Third District<br>at KENAI, ALASKA<br>MAR 13 2006  Copy<br>Clerk of the Trial Courts<br>By _____ Deputy<br><br>Case No. 3KN-05-349 CI |

## STATUS NOTICE AND REQUEST FOR PRETRIAL DEADLINES AND TRIAL DATE

Defendants request that this Court set new pretrial deadlines and trial date because of the facts set forth below.

On October 31, 2005, the parties in this case stipulated to a stay of pretrial deadlines so that mediation could take place. Due to the plaintiff's "work schedule and other commitments," the mediation session did not occur until March 7, 2006. The parties also advised this Court that defendants' counsel would be on scheduled (maternity) leave beginning in late April for six to ten weeks. Finally, the parties advised this Court that the parties would file a status report of the mediation and, if mediation was unsuccessful, submit new pretrial deadlines. This Court signed that stipulation on November 8, 2005.

PATTON BOGGS
LLP
Law Offices
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

The mediation session was unsuccessful. Defendants' counsel is also experiencing medical complications and will be forced to commence her leave in late March rather than April. Defendants' counsel has also been required, due to those complications, to reduce her work schedule. Thus, and pursuant to the Court's order dated November 8, 2006, it is necessary to reschedule the pretrial deadlines in this case.[1] A proposed pretrial schedule is attached as Exhibit A.

The parties had also stayed responses to the discovery that had been served on the defendants by the plaintiff. That discovery included: (1) the defendants' initial disclosures; (2) interrogatories and requests for production; and (3) requests for admissions. Defendants' counsel also requests that the responses to the interrogatories and requests for production be stayed until two weeks after defendants' counsel returns from leave. The requests for admissions and initial disclosures will be served before defendants' counsel commences her leave.

Defendants' counsel requests the Court's intervention in staying the discovery responses because the plaintiff's counsel had earlier threatened to compel those responses within two weeks if the defendants objected to late furnished mediation information.

---

[1] Defendants' counsel had originally thought that the fall trial schedule could be kept and requested agreement on flexible deadlines from plaintiff's counsel to accommodate the leave schedule. *See* Exhibit B, attached. No reply was received from plaintiff's counsel, and upon review, it appears those deadlines can no longer be accommodated. Thus, new deadlines become necessary.

PATTON BOGGS LLP
Law Offices
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

STATUS NOTICE AND REQUEST FOR PRETRIAL DEADLINES AND TRIAL DATE
*Stout v. North Star Paving and Construction et al.*
Case No. 3KN-05-349 CI
Page 2 of 4

Defendants' counsel has also sent a letter to the plaintiff's counsel, advising him of the desire for cooperation and asking him to respond so this request became unnecessary. In that letter, defendants' counsel also urged plaintiff's counsel to advise quickly because of the impending leave period. *See* Exhibit B. No response was received. Therefore, it is necessary for this Court to set a new pretrial schedule, trial date and a due date for the discovery responses.

The new pretrial deadlines and trial date is attached as Exhibit A for this Court's review. It reflects a three-month postponement of the deadlines, even though the mediation postponed the original schedule by approximately four and a half months.

The order regarding the deadline postponement of the interrogatories and requests for production is attached as Exhibit C.

**PATTON BOGGS LLP**
Law Offices
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

STATUS NOTICE AND REQUEST FOR PRETRIAL DEADLINES AND TRIAL DATE
*Stout v. North Star Paving and Construction et al.*
Case No. 3KN-05-349 CI
Page 3 of 4

DATED at Anchorage, Alaska this 10th day of March, 2006.

PATTON BOGGS LLP
Counsel for All Defendants

By: _____
Christine V. Williams
Alaska Bar No. 0204007
Michael D. White
Alaska Bar No. 8611144

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2006, I caused a true and correct copy of the foregoing document to be served via:

☒ US Mail   ☐ Fax   ☐ Hand-Delivery

on:

Fax: 276.8238
Timothy Seaver, Esq.
Seaver & Wagner, LLC
421 West 1st Avenue, Suite 250
Anchorage AK 99501

By: _____
Legal Secretary/Assistant
PATTON BOGGS LLP

PATTON BOGGS LLP
Law Offices
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

STATUS NOTICE AND REQUEST FOR PRETRIAL DEADLINES AND TRIAL DATE
*Stout v. North Star Paving and Construction et al.*
Case No. 3KN-05-349 CI
Page 4 of 4

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

GLENN STOUT, )
)
    Plaintiff(s), )
vs. )
NORTH STAR PAVING & )
CONSTRUCTION, INC., KEN )
GRINER, STEVE FOSTER, AND )   CASE NO. 3KN-05-349 CIVIL
JACK FOSTER,   Defendant(s). )
) REPORT OF PARTIES' PLANNING
) MEETING (AMENDED)*

Pretrial Scheduling Conference date: August 25, 2005   Judge assigned: Judge Huguelet

Type of action: Claims for unpaid wages and for unpaid overtime.

The parties' planning meeting was held August 3, 2005 and attended by:
    Christine Williams      for Defendants
    Timothy Seaver          for Plaintiff
                            for

1.  **Issues.** Preliminary joint statement of issues: (Include separate statements where parties disagree.) Plaintiff claims that he is entitled to overtime and other wages for which he was not paid. Defendant denies Plaintiff is entitled to any additional compensation.

2.  **Initial Disclosures.** The initial disclosures required by Civil Rule 26(a)(1)
    ☐ have been exchanged   ☒ will be exchanged by March 29, 2006

    The parties agree that supplementations under Rule 26(e) will be due at the following times or intervals: 30 day intervals.

3.  **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

    a.  **Subjects.** Brief description of subjects on which discovery will be needed:
        Plaintiff duties and activities
        Plaintiff's actual hours worked

    b.  **Deadline.** All discovery must be commenced in time to be completed by October 3, 2006 except that discovery on the following issues must be completed by the dates shown.

        | Issues for Early Discovery | Deadline for Completion |
        |---|---|
        | Non expert witnesses | 12 weeks prior to trial |
        | Expert witnesses depositions | 8 weeks prior to trial |

Page 1 of 4
CIV-203 (2/03)(cs)
REPORT OF PARTIES' PLANNING MEETING

3

Exhibit A
Page 1 of 4

Civil Rules 26(f) and 16(b)

c. **Limits.**

    (1) Interrogatories. Civil Rule 33(a) allows each party to serve a maximum of 30 interrogatories upon any other party. Responses are due 30 days after service. The parties stipulate to the following changes in these limits:
[X] No change.
[ ] Maximum of _____ interrogatories.
[ ] Responses due _____ days after service.

    (2) Requests for Admission. Civil Rule 36 does not limit the number of requests for admission that each party may serve. Responses are due 30 days after service. The parties stipulate to the following changes:
[X] No change.
[ ] Maximum of _____ requests for admission.
[ ] Responses due _____ days after service.

    (3) Depositions. Civil Rule 30(a) allows each side to depose the following persons as a matter of right: other parties; independent experts expected to be called at trial; treating physicians; document custodians; and any three other persons. The depositions of a party, expert witness, or treating physician may not exceed six hours. Other depositions may not exceed three hours. Civil Rule 30(d)(2). The parties stipulate to the following changes in these limits:
[X] No change.
[ ] _____ may depose the following additional witnesses:
_____
_____
[ ] Deposition of _____ not to exceed _____ hours.

d. **Other Provisions of Discovery Plan.** _____
_____
_____
_____

4. **Trial.**

a. Complete either (1) or (2). (You must tell the judge when the case will be ready for trial or for a trial setting conference. Civil Rule 16(b)(1)(G).)

    (1) The case will be ready for trial by January 23, 2007

Estimated trial time ("Trial time" for any party includes the party's opening statement, closing argument, and direct and cross-examination of all witnesses.):

Plaintiff(s)  3  days
Defendant(s) 2  days
Other parties _____ days

Page 2 of 4
CIV-203 (2/03)(cs)
REPORT OF PARTIES' PLANNING MEETING

Exhibit A
Page 2 of 4

Civil Rules 26(f) and 16(b)

  (2) Trial cannot be scheduled now because_____
     _____
     The case will be ready for a trial setting conference by _____

 b. Jury trial  ☐ requested  ☒ not requested  ☐ disputed. Explain:_____
   _____

5. **Proposed Pretrial Deadlines.**

| | Plaintiff(s) | Defendant(s) |
|---|---|---|
| a. Joinder of parties | December 26, 2006 | |
| b. Amendment of pleadings | December 26, 2006 | |
| c. Preliminary witness lists | August 22, 2006 | |
| d. Expert witness lists under Rule 26(a)(2)(A) | August 3, 2006 | |
| e. Expert reports under Rule 26(a)(2)(B) | September 19, 2006 | |
| f. Dispositive motions | October 31, 2006 | |
| g. Other motions | December 26, 2006 | |
| h. Final witness lists under Rule 26(a)(3) | January 2, 2007 | |
| i. Final exhibit lists under Rule 26(a)(3) | January 2, 2007 | |

 j. Objections under Rule 26(a)(3): <u>1/16/07</u>____days after disclosure of relevant list.

6. **Settlement.**

 a. The parties have discussed the possibilities for a prompt settlement or resolution of the case, including the following alternative dispute resolution procedures (check all that apply):

   ☐ settlement conference
   ☒ mediation
   ☐ non-binding arbitration
   ☐ other: _____

   Comments: _____
   _____

 b. Settlement Conference.

   ☐ The parties request a settlement conference.
   ☐ The parties agree that the deadline for requesting a settlement conference will be: _____
   ☐ Other: _____

 c. Mediation.

   ☐ The parties request appointment of a mediator under Civil Rule 100.
   ☐ The parties agree that the deadline for requesting appointment of a mediator will be: _____
   ☒ Other: <u>The parties have completed mediation efforts.</u>

7.  **Pretrial Scheduling Conference**. The parties [X] waive  [ ] do not waive a conference with the court before entry of the scheduling order. (Note: The judge may hold a pretrial scheduling conference notwithstanding the parties' waiver. Parties should plan to attend the conference unless otherwise notified by the court.)

8.  **Other Orders.** (List any other orders that should be entered by the court under Rule 26(c) (protective orders) or Rule 16(b) and (c) (pretrial orders).) _____
    _____
    _____
    _____
    _____

_3-10-2006_ 
Date

_/s/ Christine V. Williams_
Signature of Attorney/Unrepresented Party

_Christine V. Williams_
Type or Print Name

Representing _Defendants_

_____
Date

_____
Signature of Attorney/Unrepresented Party

_Timothy Seaver_
Type or Print Name

Representing _Plaintiff_

_____
Date

_____
Signature of Attorney/Unrepresented Party

_____
Type or Print Name

Representing _____

**Instructions: Attorneys of record and unrepresented parties are jointly responsible for attempting in good faith to agree on a proposed discovery plan and for submitting to the court within 10 days after the meeting a written report outlining the plan. Civil Rule 26(f).**

 

601 West Fifth Avenue
Suite 700
Anchorage, Alaska 99501
907-263-6300

Facsimile 907-263-6345
www.pattonboggs.com

March 8, 2006

Christine V. Williams
(907) 263-6386
cwilliams@pattonboggs.com

**VIA FACSIMILE: 276.8238**
Timothy W. Seaver, Esq.
Seaver & Wagner, LLC
421 West 1st Avenue, Suite 250
Anchorage AK 99501

    Re:  *Stout v. North Star Paving & Construction, Inc.*
          Our Client No. 023502.0102

Dear Tim:

    As you know, I am scheduled to go on leave for ten weeks. Due to continuing complications, my leave will begin at the end of this month, rather than the end of April. I would still like to hold our October trial date on the conditions that we can be somewhat flexible on deadlines because of my leave schedule and that no discovery or other substantive action takes place during my absence.

    If you agree to the conditions, please advise and I will prepare an appropriate status notice for the Court. If you do not agree, please advise so that I may so move the Court for those conditions expeditiously.

    As to the state of current discovery, I will have our initial disclosures done by the end of the month and, hopefully, the responses to your discovery requests shortly thereafter. I will also try to draft some discovery requests to serve you before my leave begins, but would not expect your responses until my return. Please advise if you find this objectionable.

Sincerely yours,

*/s/ Christine VW*

Christine V. Williams

CVW/mdh

**Exhibit B**
**Page 1 of 1**

47722v1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| GLENN STOUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH STAR PAVING AND ) | |
| CONSTRUCTION, INC., KEN GRINER, ) | |
| STEVE FOSTER, and JACK FOSTER, ) | |
| ) | Case No. 3KN-05-349 CI |
| Defendants. ) | |

### [PROPOSED] ORDER

This Court has reviewed the Status Report and Request for Pretrial Deadlines, including the request for an extension in which to file responses to the plaintiff's interrogatories and requests for production served on October 7, 2005.

IT IS HEREBY ORDERED that those responses are not due until two weeks after defendants' counsel returns from leave, June 21, 2006.

DATED: _____     _____
                                   Honorable Charles Huguelet
                                   Superior Court Judge

PATTON BOGGS LLP
Law Offices
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

[PROPOSED] ORDER REGARDING STATUS REPORT AND REQUEST FOR STAY
*Stout v. North Star Paving and Construction et al*
CASE NO. 3kn-05-349 CI
PAGE 1
47785v1

Exhibit C
Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2006, I caused a true and correct copy of the foregoing document to be served via:

☒ US Mail   ☐ Fax   ☐ Hand-Delivery

on:

Fax: 276.8238
Timothy Seaver, Esq.
Seaver & Wagner, LLC
421 West 1st Avenue, Suite 250
Anchorage AK 99501

By: _Marcea Hell_
Legal Secretary/Assistant
PATTON BOGGS LLP

PATTON BOGGS
LLP
Law Offices
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

[PROPOSED] ORDER REGARDING STATUS REPORT AND REQUEST FOR STAY
*Stout v. North Star Paving and Construction et al*
CASE NO. 3kn-05-349 CI
PAGE 2
47785v1

Exhibit C
Page 2 of 2