RECEIVED
MAR 2 8 2006
H.D. 2:00pm
PATTON BOGGS LLP

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| GLENN STOUT, | ) |
|          Plaintiff, | ) |
| vs. | ) |
| NORTH STAR PAVING & CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER, | ) |
|          Defendants. | ) |

Case No. 3KN-05-349 CI

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT OF MOTION

Plaintiff, Glenn Stout, through counsel hereby moves for leave to file his first amended complaint. This motion is made pursuant to Alaska R. Civ. P. 15(a). A copy of the First Amended Complaint is filed simultaneously with this motion. Other than changes to the numbering of the Complaint, the sole amendment to the Complaint is the addition of Count III. The reasons in support of this motion are addressed below.

### ARGUMENT

Alaska R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." In interpreting this provision, the Alaska Supreme Court has stated that:

> In the absence of a motion filed on the eve of trial, "[l]eave to amend is liberally granted in Alaska," and we have long held that leave should freely be given unless "it would [result] in an injustice." A "pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." And as the United States Supreme Court noted in interpreting the federal version of Rule 15(a) in Foman v. Davis, the rule's declaration that leave to amend

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

"shall be freely given when justice so requires" is a "mandate" that "is to be heeded." We have recognized that if there is no "apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"[1]

In the present case, Plaintiff's initial complaint included a claim for unpaid overtime pursuant to the Alaska Wage and Hour Act. Plaintiff's amended complaint does not alter that underlying claim. Rather, Plaintiff's amended complaint simply adds an additional claim under the federal law governing overtime.[2] This additional claim relies on the exact same factual basis as Plaintiff's original claim and seeks overtime for the exact same time period. As Plaintiff's have simply provided another basis for recovery under the same factual basis, Defendants cannot possibly claim prejudice.

Moreover, as of the date of this motion, Defendants have not sought any discovery from Plaintiff and Defendants only recently provided Plaintiff with Defendants' initial disclosures.[3] Indeed, until March 8, 2006, when the parties conducted a mediation in this matter, the parties had agreed to stay the litigation pending the mediation. This fact further undermines any claim of prejudice or delay Defendants' might make.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the

---

[1] Miller v. Safeway, Inc., 102 P.3d 282, 293-294 (Alaska 2004) (internal citations omitted).
[2] 29 U.S.C. § 201 et seq.
[3] Exhibit A.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

MOTION TO AMEND
CASE NO. 3KN-05-349 CI
PAGE 2 OF 3

Court grant his motion for leave to file his First Amended Complaint.

DATED this 28th day of March, 2006, at Anchorage, Alaska.

SEAVER & WAGNER, LLC
Attorneys for Plaintiff

By: _____
Timothy W. Seaver
ABA #9711092

Certificate of Service
The undersigned certifies that the
foregoing was served by hand
on this 28 day of March, 2006.

Christine Williams
Patton Boggs LLP
601 W. 5th Ave., Suite 700
Anchorage, AK 99501

_____
Connie Jenkins

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

MOTION TO AMEND
CASE NO. 3KN-05-349 CI
PAGE 3 OF 3

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| GLENN STOUT, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| NORTH STAR PAVING & CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER, | ) |
| | ) |
| Defendants. | ) |

Case No. 3KN-05-349 CI

### ORDER

UPON CONSIDERATION of Plaintiff's Motion for Leave to File First Amended Complaint and any opposition filed thereto,

IT IS ORDERED THAT Plaintiff's motion is GRANTED;

IT IS FURTHER ORDERED THAT Plaintiff's First Amended Complaint is accepted as filed. Defendants shall answer the First Amended Complaint within 10 days of distribution of this Order.

DATED this _____ day of _____, 2006, at Kenai, Alaska.

_____
Judge Charles T. Huguelet
Superior Court Judge

Certificate of Service
The undersigned certifies that the foregoing was served by hand on this 28 day of March, 2006.

Christine Williams
Patton Boggs LLP
601 W. 5th Ave., Suite 700
Anchorage, AK 99501

_____
Connie Jenkins

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033