IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| GLENN STOUT, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| NORTH STAR PAVING & | ) |
| CONSTRUCTION, INC., KEN | ) |
| GRINER, STEVE FOSTER, and | ) |
| JACK FOSTER, | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3KN-05-349 CI |

**OPPOSITION TO "REQUEST FOR TRIAL DATE"**

Plaintiff, Glenn Stout, through his attorneys hereby opposes Defendants' request to continue the trial in this matter.

Defendants style their pleading as a "Status Notice and Request for Pretrial Deadlines and Trial Date." In fact, it is a motion to continue the trial in this matter and to stay discovery. As such it is not well taken and should be denied.

Defendants' factual recitation leaves out several critical components. Most importantly, although Defendants are correct that the parties stipulated to a stay of this matter pending mediation, at no time did the parties agree that the stay also contemplated a continuance of the trial date in the event that mediation was unsuccessful. On the contrary, the parties were in accord that they would retain the trial date regardless of the delay necessitated by the mediation. This is evidenced not only by the stipulation itself, but by the letter of Defendants' counsel attached to Defendants' motion.

As Defendants' letter, dated March 8, 2006, states: "I would still like to hold our October trial date on the conditions that we can be somewhat flexible on deadlines because of my leave schedule and that no discovery or other substantive action takes

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

place during my absence."[1] Apparently, Defendants justify their present motion and complete reversal of their intent to "hold our October trial date" on the grounds that "no response was received" to Defendants' letter. This is disingenuous.

Defendants sent their letter on March 8, 2006, one day after the mediation, and proceeded to file their motion on March 10, 2006. Although requesting a response, nothing in that letter, or in any subsequent communication from Defendants, indicated that Plaintiff had only one day to respond to the letter. Nor was there any indication that if response was not received within 24 hours, Defendants intended to file a motion completely reversing the position taken in their letter. Moreover, although it is true that the stipulation, submitted by the parties and signed by the Court, required that the parties "submit new trial deadlines," the stipulation required it to be done within two weeks of mediation not two days.

Of course, the core question before the Court is whether the Defendants have provided sufficient justification for delaying the trial in this matter. As to this question, the answer is clearly in the negative. Trial remains a full seven months away. Even taking into account the ten-week maternity leave of _one_ of Defendants' counsel, this leaves plenty of time and opportunity to try this matter as scheduled. Among other reasons, Defendants are represented by a firm consisting of thirteen attorneys (according to the most recent Alaska attorney directory) one of whom is listed on the underlying motion. And Defendants make no claim to any hindrance to his availability. Under these circumstances, there is absolutely no reason that the trial schedule cannot be maintained. Indeed, given that Mr. Stout filed his complaint on March 23, 2005, a full 19 months prior to the current trial date, it would be manifestly unfair to further delay the trial of this matter.

---

[1] The letter is attached as Exhibit B to Defendants' motion.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Opposition to "Request for Trial Date"
Stout v. North Star Paving and Construction, Inc., et al., Case No. 3KN-05-349 CI
Page 2 of 4

Defendants' request for stay of their discovery responses until two weeks after "counsel returns from leave" should also be rejected. As with Defendants' request to continue the trial, it is directly contradictory to the position taken by Defendants in their letter immediately preceding their motion. In the letter, Defendants' counsel stated: "I will have our initial disclosures done by the end of the month and, hopefully, the responses to your discovery requests shortly thereafter." Again, given the numerous attorneys available to Defendants including the second attorney on Defendants' current motion there is no reason to further delay response to this discovery.

Notably, Defendants attempt to cast Plaintiff in a sinister light by asserting that "plaintiff's counsel earlier threatened to compel those responses within two weeks if the defendants objected to late furnished mediation information." The claim is flatly false. Plaintiff in fact stated that if Defendants <u>cancelled the mediation,</u> Plaintiff would expect response to his prior discovery within 15 days or would seek to compel that discovery pursuant to Rule 37.[2] This demand was hardly unreasonable given that Plaintiff agreed to stay Defendants' initial disclosures and responses to discovery as a pure courtesy and with absolutely no obligation to do so. This prior courtesy also goes conspicuously unmentioned by Defendants in their motion.

In light of the above, there is certainly no evidence either that Plaintiff is unwilling to either make reasonable accommodations to Defendants based on the availability of their counsel or that the parties cannot at least attempt to agree on an amendment to the Report of Parties' Planning Meeting, before submitting it to this Court. In this regard, it is completely contrary to the letter and spirit of court rules requiring a Report of Parties' Planning Meeting, that Defendants would submit an amendment to that report without ever having even shown the document to Plaintiff before filing it in this Court.

---

[2] Exhibit A attached herein.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Opposition to "Request for Trial Date"
Stout v. North Star Paving and Construction, Inc., et al., Case No. 3KN-05-349 CI
Page 3 of 4

In sum, the Defendants' motion is groundless in its specific demands and premature in its premise. Consequently, the Court should deny the Defendants' request to continue the trial and should deny the Defendants' request to delay response to Plaintiff's discovery until two weeks after the return of <u>one</u> of Defendants' attorneys from leave. The Court should further order the parties to confer regarding the need to alter the Court's pretrial deadlines and submit the results of that conference to the Court within two weeks of the Court's order.

DATED this 22nd day of March, 2006, at Anchorage, Alaska.

SEAVER & WAGNER, LLC

Attorneys for Plaintiff

By: _____
Timothy W. Seaver
ABA #9711092

<u>Certificate of Service</u>
The undersigned certifies that the
foregoing was served by mail
on this 22 day of March, 2006.

Christine Williams
Patton Boggs LLP
601 W. 5th Ave., Suite 700
Anchorage, AK 99501

_____
Connie Jenkins

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Opposition to "Request for Trial Date"
Stout v. North Star Paving and Construction, Inc., et al., Case No. 3KN-05-349 CI
Page 4 of 4

# Tim Seaver

**From:** Tim Seaver [tseaver@seaverwagner.com]
**Sent:** Wednesday, March 01, 2006 2:21 PM
**To:** Christine Williams (E-mail)

Christine,

I have received your email and am unclear as to certain parts of it. I am very concerned, however, that what is going here is essentially posturing. I do not see nor do you state why the data provided to you requires extensive "verification." Notably, it was at Defendants' request that discovery, including Defendants' initial disclosures and pending discovery responses, was stayed in this matter pending mediation. This is a courtesy that Plaintiff extended to Defendants with no obligation to do so. As a result, although Defendants have Mr. Stout's complete information regarding his overtime damages, Defendants have no reciprocal obligation to provide Mr. Stout with their defenses so that he can "verify" their claims. In short, I do not think that Defendants' can make any claim that Plaintiff has in any way placed Defendants at an unfair advantage.

In any case, if you in fact intend to cancel our mediation you need to do so immediately as Judge Shortell is expecting our presence. You should also know that to do so will place a substantial burden on my client who has had to expend great energy and expense to be present for our mediation. Courtesy, at the least, demands that you cease threatening to cancel our mediation and either do so or not.

Finally, your references to bottom lines and blank checks leave me at a loss. Even if Mr. Stout had a bottom line (he does not) it would hardly make sense to reveal it to opposing counsel. As I have stated to you before (and as the information provided to you demonstrates), this case is extraordinary in that it has documented proof that Mr. Stout spent more than 20% of his time engaging in non-exempt activities for every single week in which he seeks overtime. This and other evidence, known to both parties, makes it extremely unlikely that Defendants can satisfy their high burden of establishing good faith. Consequently, I would suggest that if the Defendants sincerely believe that they have a strong argument for a settlement at a certain amount that they pitch that argument to Judge Shortell. If he finds it convincing, you can be assured that he will use his formidable skills to convince my client and me of the strength of Defendants' position. Using this approach will not only get the best out of our highly skilled mediator, but foregoes the need for further abstract pleas for "reasonableness" and references to bottom lines and blank checks.

Finally, please be advised that if you do call off our mediation, I will expect response to my prior discovery as well as Defendants' initial disclosures within 15 days or I will seek to compel that discovery pursuant to Rule 37. In addition, in the event that Judge Shortell requires a payment for cancellation of the mediation, I will expect Defendants to cover that cost. We continue to be ready and willing to engage in the mediation as scheduled.

I look forward to your response.

-- Tim


Timothy Seaver
Seaver & Wagner, LLC
421 W 1st Ave, Suite 250
Anchorage, Alaska 99501
Phone - 907 646 9033
Fax - 907 276 8238

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please advise the sender by reply tseaver@seaverwagner.com and destroy the original message and all copies.

EXHIBIT A
PAGE 1 OF 1 PAGES

1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| GLENN STOUT, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| NORTH STAR PAVING & CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Case No. 3KN-05-349 CI

### ORDER

Upon consideration of the Defendants' Motion to "Request Trial Date" and the Plaintiff's opposition thereto, the Motion is HEREBY DENIED;

IT IS FURTHER ORDERED that Defendants' shall provide a response to Plaintiff's prior discovery within 15 days of this Order;

IT IS FURTHER ORDERED that, within two weeks of this Order, the parties shall meet and confer regarding any changes to the Pretrial Order necessitated by the parties' prior stay pending mediation, and shall submit to the Court a joint report indicating the results of their meeting.

DATED this _____ day of _____, 2006 at Anchorage, Alaska.

_____
Judge Charles T. Huguelet
Superior Court Judge

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Certificate of Service
The undersigned certifies that the foregoing
Order was served by mail
on this 22 day of March, 2006.

Christine Williams
Oles Morrison Rinker & Baker LLP
745 W. 4th Avenue, Suite 502
Anchorage, AK 99501

Connie Jenkins

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

ORDER
Stout v. North Star Paving and Construction, Inc., et al., Case No. 3KN-05-349 CI
Page 2 of 2