

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| GLENN STOUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH STAR PAVING AND ) | |
| CONSTRUCTION, INC., KEN GRINER, ) | |
| STEVE FOSTER, and JACK FOSTER, ) | |
| ) | |
| Defendants. ) | Case No. 3KN-05-349 CI |
| ) | |

FILED IN THE TRIAL COURT STATE OF ALASKA THIRD DISTRICT AT KENAI ALASKA

APR - 4 2006

CLERK OF THE TRIAL COURTS
BY_____ DEPUTY

### REPLY TO PLAINTIFF'S OPPOSITION

#### I.

#### INTRODUCTION

Defendants North Star Paving and Construction, Inc., Ken Griner, Steve Foster and Jack Foster (collectively "North Star") are asking for a three-month extension on the trial date[1] in this matter to accommodate defense counsel's maternity leave and trial schedule. North Star's request is reasonable under the circumstances. North Star, at the plaintiff's request, previously accommodated the plaintiff's schedule and postponed mediation and stayed all deadlines for approximately four and a half months. Plaintiff, however, refuses to extend similar courtesy to North Star despite that fact that plaintiff offers no schedule conflicts or other substantive reasons for opposing the requested

---

[1] The requested extension of the discovery deadlines became moot with North Star's service of the discovery responses on plaintiff, as memorialized in the 2nd Status Report and Request for Trial Dates filed Friday, March 24, 2006.

PATTON BOGGS LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

extension and makes no claim of prejudice. Conversely, defense counsel for North Star is about to go on maternity leave and has a conflicting trial schedule that necessitates the trial be rescheduled for a later date.

## II.

## ARGUMENT

Plaintiff's opposes North Star's request for a new trial date on the grounds that the case was as filed on March 23, 2005, and thus should be resolved without further delay. While plaintiff correctly points out the filing date of this case, what he fails to mention is the fact that it was his actions which have been primarily responsible for the course this litigation has taken.

For example, initially, plaintiff filed his case in an inappropriate venue, and while that was being resolved, delay occurred. Additionally, it was the plaintiff's schedule, not North Star's, which caused the 4.5-month delay to the mediation. Finally, plaintiff just last week filed an Amended Complaint asserting a new legal theory with new grounds of recovery. Obviously, North Star is entitled to appropriate and reasonable time to prepare a defense to this newly raised theory of recovery.

Plaintiff claims that North Star's counsel is "disingenuous" when it comes to her schedule and need to move the trial. Such name-calling is objectionable, uncalled for and will not be responded to in kind. Rather, the actual facts of this case differ from the plaintiff's assertion. First, primary counsel for North Star, Christine Williams, has been

PATTON BOGGS
LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

REPLY TO PLAINTIFF OPPOSITION
*Stout v North Star Paving and Construction et al.*
Case No. 3KN-05-349 CI
Page 2 of 5

forthright since the beginning regarding her condition, complications and maternity leave. This extremely personal condition was forthrightly communicated to plaintiff's counsel so there would be no surprises or undue prejudice because of any delays that might surface.

Second, on the face of the Status Report, North Star states that scheduling conflicts have arisen and requested that the October trial be reasonably delayed, as contemplated by the original stay. Specifically, primary counsel has a trial in October, November and a short trial at the end of January/ beginning of February that necessitate the need to reschedule this matter.

Finally, the plaintiff states that based on the size of the firm, the client and matter can be passed from attorney to attorney, rather than granting North Star a reasonable extension. This is a document intensive case, and primary counsel is already familiar with the documents, facts, circumstances and law surrounding the case. Another attorney acting as primary counsel for a short period, instead of receiving a reasonable extension is unnecessarily duplicative and expensive and disrupts the continuity of a proper defense. Notably, the original dates on the pretrial schedule have remained substantially the same and no specific objection has ever been made by the plaintiff. Indeed, a much longer delay was made to accommodate the plaintiff's schedule earlier in this case, and the short delay requested by North Star is both reasonable and necessary.

PATTON BOGGS LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

REPLY TO PLAINTIFF OPPOSITION
*Stout v North Star Paving and Construction et al.*
Case No. 3KN-05-349 CI
Page 3 of 5

## III.

## CONCLUSION

For all the reasons set forth above and in North Star's original motion, defendants ask that this Court grant its original request for a new trial date and the pretrial deadlines as set forth in Exhibit A to North Star's original request.

DATED at Anchorage, Alaska this 3rd day of April, 2006.

PATTON BOGGS LLP
Counsel for All Defendants

By: /s/ Christine V. Williams
Christine V. Williams
Alaska Bar No. 0204007
Michael D. White
Alaska Bar No. 8611144

PATTON BOGGS LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

REPLY TO PLAINTIFF OPPOSITION
*Stout v North Star Paving and Construction et al.*
Case No. 3KN-05-349 CI
Page 4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006, I caused a true and correct copy of the foregoing document to be served via:

☒ US Mail   ☐ Fax   ☐ Hand-Delivery

on:

Fax: 276.8238
Timothy Seaver, Esq.
Seaver & Wagner, LLC
421 West 1st Avenue, Suite 250
Anchorage AK 99501

By: *Marcia [signature]*
Legal Secretary/Assistant
PATTON BOGGS LLP

PATTON BOGGS
LLP
Law Offices
601 West 5th Avenue
Suite 700
Anchorage, AK 99501
(907) 263-6300
(907) 263-6345 (fax)

REPLY TO PLAINTIFF OPPOSITION
*Stout v North Star Paving and Construction et al.*
Case No. 3KN-05-349 CI
Page 5 of 5