Michael D. White (AK Bar Assoc. No. 8611144)
mwhite@pattonboggs.com
Christine V. Williams (AK Bar Assoc. No. 0204007)
cwilliams@pattonboggs.com
Patton Boggs LLP
601 West 5th Avenue, Suite 700
Anchorage, Alaska 99501
Telephone:   (907) 263-6300
Facsimile:   (907) 263-6345

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GLENN STOUT,  )<br>   )<br>   Plaintiff,  )<br>   )<br>vs.   )<br>   )<br>NORTH STAR PAVING AND  )<br>CONSTRUCTION, INC., KEN GRINER,  )<br>STEVE FOSTER, AND JACK FOSTER,  )<br>   )<br>   Defendants.  ) | Case No. 3:06-cv-81-TMB |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**ITS MOTION FOR EXTENSION OF TIME**

**I.**
**INTRODUCTION**

Defendants, North Star Paving and Construction, Inc., Ken Griner, Steve Foster, and Jack Foster (collectively "North Star"), asks that this Court move the pretrial deadlines and trial call because the plaintiff refuses to supply basic information to his claim. The basic information that the plaintiff refuses to supply, despite repeated requests, is (1) the years for which he is actually claiming unpaid overtime compensation, and (2) his damage amount and/or calculations. This lack of information is prejudicing North Star's ability to defend itself and is causing North Star to seek this delay. A new pretrial schedule is submitted as Exhibit A.

49845v1

## II.
## FACTS

On March 18, 2005, the plaintiff brought claims against North Star, alleging the plaintiff was an improperly classified as an exempt employee and was due unpaid overtime from North Star. The original complaint was brought under state law and was brought *solely* for the year 2003. [*See* Docket No. 1] On March 28, 2006, the plaintiff amended his complaint and added a federal cause of action. The plaintiff incorporated by reference his claims for overtime being filed for the year 2003, but did not state any federal or state claims, even in passing, for the year 2004. [*Id.*] On May 5, 2006, the plaintiff answered discovery requests propounded to him. ***For the very first time***, the plaintiff mentioned that he might be pursuing overtime claims for the year 2004. [*See* Exhibit B, pages 3, 13, 17.] Additionally, despite specific requests seeking plaintiffs claimed damages, the plaintiff did not provide *any* damage calculations, or even list any damage amount claiming that he did not have the documents to do so. [*Id.* at 13.]

On June 20, 2006, North Star called the plaintiff and requested a return call to discuss the possible 2004 claims and the discovery response deficiencies. No return call was received. [*See* Exhibit C.]

On June 23, 2006, North Star wrote to the plaintiff and detailed out North Star's concerns as well as the plaintiff's discovery deficiencies. [*Id.*] North Star again requested a return phone call. No response was received.

North Star's detailed concerns included: (1) no preliminary witness list supplied by the plaintiff; (2) no verification page supplied by the plaintiff; (3) that it looked like a claim for ***2004 was being made for the first time***, and whether this was true; (4) the lack of information and documentation provided by the plaintiff to specific requests; and (5) the absolute lack of a

damage figure or damage calculations. [*Id*.]  On July 6, 2006, the plaintiff supplied the verification page for the discovery.  None of North Star's concerns were addressed and still no return phone call was received.  [*See* Exhibit D.]

On July 11, 2006, North Star again wrote to the plaintiff, reminding it of the lack of response for the deficiencies and stating that if the deficiencies were not addressed a motion to compel would be filed on July 18, 2006.  [*See* Exhibit E.]

Still no phone call was received and the deficiencies were not addressed.  Rather, the plaintiff's counsel responded that due to her trial schedule she was not able to respond [for almost a month since the letter and two months since the discovery answers were supplied, promising some of the information].  [*See* Exhibit F.]

Despite pretrial deadlines approaching and passing, no response has been received.  Rather than file a motion to compel, North Star will wait for the plaintiff's response, but seeks not to be prejudiced by doing so[1].

### III.
### ARGUMENT

North Star does not wish to be difficult, but the plaintiff must provide very basic information so that North Star can prepare an adequate defense.  That very basic information includes for what years the plaintiff is seeking alleged unpaid overtime compensation and what damages he seeks.

---

[1] At 3:30 p.m. today, North Star received a facsimile response, stating that the plaintiff is seeking damages for the year 2004.  [*See* Exhibit F.]  North Star still seeks the new deadlines to either move the court to strike that request or inquire as to whether the plaintiff intends to follow the appropriate channels to amend its complaint.

That type of information is needed in this case so that North Star may: (1) evaluate the claim years and perform interviews and information gathering regarding the claims; (2) compile refuting evidence for the claims; (3) evaluate the damages sought and decide whether an expert is needed to refute and/or explain the damage claim; and (4) further the discovery process, including deposing the plaintiff about his claims and damages.

The plaintiff has stalled in providing this information far too long and it is prejudicial to North Star. This should not be trial by ambush and North Star has every right to the information it seeks. Notably, today is the last day to: (1) amend the pleadings; (2) add a party; and (3) disclose experts' reports. North Star cannot do any of this because of the lack of cooperation by the plaintiff. Thus, this motion is necessary.

Further, North Star asks that if the plaintiff is to add a claim or claims for the year 2004, it do so immediately and follow the appropriate procedures so it may be evaluated as to whether such an addition requires a revisiting of deadlines due to the large discovery undertaking and defense for the additional claims. North Star also requests, because of the lack of basic information supplied by the plaintiff, that the pretrial deadlines and trial call are postponed for two months. To that end, North Star submits a proposed pretrial deadline schedule.

## IV.
## CONCLUSION

Because of the plaintiff's failure to supply basic information to North Star, North Star requests that the pretrial deadlines and trial call be moved, allowing North Star to partially recoup from the delay caused by the plaintiff's lack of compliance.[2]

---

[2] North Star reserves the right to: (1) again seek the movement of deadlines if the plaintiff does seek additional claims for an additional year, and (2) bring a motion to compel because of the lack of response by plaintiff.

DEFENDANTS MEMORANDUM IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME
*Stout v North Star Paving & Construction et al.*
CASE NO: 3KN-05-349 CI
Page 4 of 5

DATED at Anchorage, Alaska this 18th day of July, 2006.

Counsel for All Defendants

By: s/ Christine V. Williams
Christine V. Williams
Alaska Bar Assoc. No. 0204007
Michael D. White
Alaska Bar Assoc. No. 8611144

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July, 2006, I caused a true and correct copy of the foregoing document to be served via:

☐ US Mail  ☑ **Electronically**  ☐ Hand-Delivery on:

**tseaver@seaverwagner.com**
Timothy Seaver, Esq.
Seaver & Wagner, LLC
421 West 1st Avenue, Suite 250
Anchorage AK 99501

By: s/ Marcia Hill
Marcia Hill, Legal Secretary
PATTON BOGGS LLP