Timothy Seaver, Esq.
SEAVER & WAGNER, LLC
421 W. 1st Avenue, Suite 250
Anchorage, AK  99501
Telephone: 907-646-9033
Fax: 907-276-8238

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GLENN STOUT, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| NORTH STAR PAVING & | ) |
| CONSTRUCTION, INC., KEN | ) |
| GRINER, STEVE FOSTER, and | ) |
| JACK FOSTER, | ) |
| | ) |
| Defendants. | ) |

**RECEIVED**

MAY 0 8 2006

PATTON BOGGS LLP

Case No. 3:06-cv-81-TMB

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST SET OF DISCOVERY REQUESTS

Plaintiff, Glenn Stout, hereby responds to Defendant's First Set of Discovery

Requests as follows:

### GENERAL OBJECTIONS

Plaintiff objects to the extent Defendant's requests call for information that is

protected by the attorney client privilege and/or is protected as attorney work product.

<u>INTERROGATORY NO. 1</u>:  For the allegation made in Paragraph 14 of your

Complaint, namely that "Mr. Stout spent greater than 20 percent of his time performing

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1st AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Exhibit B
Page 1 of 21

'non-exempt' work of the type regularly performed by the employees he supervised" please state all of the facts upon which you base each allegation, identifying each and every person you allege who has knowledge of those facts and all documents related to, concerning or evidencing those facts.

ANSWER:  Plaintiff objects to this request on the grounds that it is vague and ambiguous.  Without waiving any of the above objections, Plaintiff offers the following response.  For the weeks in which Plaintiff seeks overtime pursuant to the AWHA, Plaintiff spent substantially in excess of twenty percent of his time performing various tasks that do not fall within the definition of non-exempt work as defined by the Alaska Wage and Hour Act.  Those activities are as described in Plaintiff's complaint and are identified by task in the daily and weekly reports completed by Plaintiff during the relevant time period, and which are in Defendants' possession.  The persons with knowledge of Mr. Stout's activities are as listed in his Initial Disclosures, provided to Plaintiff pursuant to Alaska's Rules of Civil Procedure. More specifically, the various inspectors for the projects to which Mr. Stout was assigned would have knowledge of his non-exempt activities, as well as the persons working on the projects to which he was assigned.  Those persons are specifically identified in the daily and weekly reports referenced above.

In addition, for the 2003 and 2004 seasons, Mr. Stout's activities did not fall within any federal exemption either prior or subsequent to the "Fairpay" regulations

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 2 of 21

**Exhibit B**
**Page 2 of 21**

adopted on April 23, 2004, and made effective as of August 23, 2004.  Consequently, he

is entitled to overtime pursuant to the Fair Labor Standards Act for both 2003 and 2004.

LAW OFFICES OF
SEAVER & WAGNER,
LLC

421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 3 of 21

**Exhibit B**
**Page 3 of 21**

INTERROGATORY NO. 2:  For the allegation made in Paragraph 15 of your Complaint, namely that "[e]xamples of Mr. Stout's non-exempt work included operating construction machinery, grading, placing stationing and elevation markers and laying storm pipe for 2003," please provide a day by day account of each such activity you allegedly performed, including the project you performed each activity on, who witnessed such activity being performed and the amount of time spent on a daily basis on each activity and identify all documents that support the allegations contained in Paragraph 15.

ANSWER:  The daily and weekly reports, which are already within Defendants' possession, provide the only "day-to-day account of each" non-exempt activity performed by the Plaintiff.  However, those reports provide only an estimate of the time spent on such activities as not every activity was recorded on the daily reports in every instance.  In addition, the reports provide a minimum estimate of the time spent on non-exempt activities, as Mr. Stout would not have recorded an activity unless he had actually engaged in that activity and for the amount of time indicated on the reports.  The converse, however is not the case.  In other words, and as indicated above, Mr. Stout engaged in a substantial amount of non-exempt activities that were not recorded in the daily reports.  Their absence is either because they were not, in each individual instance, substantial enough to record or because Mr. Stout was so busy fulfilling the day-to-day demands of his job that he could not keep track of every non-exempt activity in which he

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 4 of 21

Exhibit B
Page 4 of 21

engaged.  In any case, of central importance is the fact that, throughout the relevant period, Mr. Stout was constantly performing non-exempt activities, as defined by the Alaska Wage and Hour Act, on every project and on virtually every day of his employment with North Star.  In addition, at no time during Mr. Stout's employment did his actual duties satisfy any exemption pursuant to the Fair Labor Standards Act.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 5 of 21

**Exhibit B**
**Page 5 of 21**

INTERROGATORY NO. 3: For the allegation made in Paragraph 24 your Complaint, namely that "Mr. Stout is entitled to the penalty provided in AS 23.05.140(d)" please identify and describe with particularity each fact and document that supports that allegation.

ANSWER: North Star failed to pay Mr. Stout wages due him pursuant to AS 23.40.140(b). Consequently, he is entitled to the penalty provided in AS 23.40.140(d).

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 6 of 21

Exhibit B
Page 6 of 21

INTERROGATORY NO. 4: Please identify when you left Alaska in November 2004 and identify any supporting documentation, including but not limited to airline tickets and receipts.

ANSWER: It is possible that Plaintiff has such documents. However, if such documents exist, they are in storage in Seward and are not available to the Plaintiff until June, 2006. Plaintiff will produce such any such documents at that time.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 7 of 21

**Exhibit B**
**Page 7 of 21**

INTERROGATORY NO. 5: Please describe in detail all criminal and civil actions as well as any claims processes that you have been a party to from 1995 to the present, including any claims or allegations against employers, including the subject matter and outcome and whatever information is necessary to obtain those records.

ANSWER: Plaintiff objects to this request on the grounds that it is vague and ambiguous with regard to the term "claims processes." Plaintiff further objects that with regard to the term "claims processes" it does not appear to be relevant to any claim or defense raised in this action and is not likely to lead to the discovery of admissible evidence. Without waiving any of the above objections, Plaintiff offers the following response. There are no such actions.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 8 of 21

Exhibit B
Page 8 of 21

INTERROGATORY NO. 6: If you have sought or have engaged in any new employment since November of 2004, for each new employment you have sought or obtained please describe in detail: (1) the employment, including the compensation and benefits; (2) the name of the employer; (3) your immediate supervisor and division head; (4) when the employment ended and why; and (5) your duties during that employment.

ANSWER: Plaintiff objects to this request on the grounds that it is not relevant to any claim or defense nor is it likely to lead to the discovery of admissible evidence. Plaintiff's claim is for unpaid wages and overtime. Facts related to subsequent employment bear no connection whatsoever to these claims.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 9 of 21

Exhibit B
Page 9 of 21

INTERROGATORY NO. 7: Please list by week all the weeks you allege you received more or less than your weekly salary during your employment with North Star. Your response should include, but should not be limited to, all weeks you allege any deductions were made to your salary or you received overtime compensation.

ANSWER:  Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and requests information that is not relevant to any claim or defense nor is it likely to lead to the discovery of admissible evidence. Without waiving any of the above objections, Plaintiff will provide a calculation of all overtime to which he claims he is entitled after additional discovery has been obtained from Defendants.

LAW OFFICES OF
SEAVER & WAGNER,
LLC

421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 10 of 21

Exhibit B
Page 10 of 21

INTERROGATORY NO. 8: Please provide copies of your income tax filings with the Internal Revenue Service for the last five years.

ANSWER: Plaintiff objects to this request on the grounds that it is not relevant to any claim or defense nor is it likely to lead to the discovery of admissible evidence. Plaintiff's claim is for unpaid wages and overtime. Facts related to Plaintiff's income bears no connection whatsoever to these claims.

LAW OFFICES OF
SEAVER & WAGNER,
LLC

421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 11 of 21

Exhibit B
Page 11 of 21

INTERROGATORY NO. 9:  Please identify who, if anyone, was your on-site supervisor during your employment with North Star in 2003.   For each person so identified list what on-site project that person supervised you on, and what percentage of time, on a week-by-week basis, that you contend he/she supervised you.

ANSWER: Plaintiff objects to this request on the grounds that it is vague and ambiguous.  Without waiving any of the above objections, Plaintiff offers the following response.  Gary Effenbacher was the Project Manager and therefore "on-site supervisor" for the Alaska Railroad project in Seward.   Mr. Effenbacher visited the sight approximately once a day.   Dane Dauldron was the Project Manager for Port & 4th and the AVTEC Building and the Alaska Railroad project in Seward after Mr. Effenbacher's departure.   Mr. Dauldron visited the project sites one or more times a day.   For the projects in Anchorage, Mr. Bristol was the Project Manager. Mr. Bristol visited the sites twice a week or more.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 12 of 21

Exhibit B
Page 12 of 21

<u>INTERROGATORY NO. 10</u>:  Please state on a day-by-day basis, summarized in a weekly fashion, your alleged overtime worked in 2003.  Please include in your answer summarized by Sunday through Saturday, your total alleged hours for the week, your total alleged overtime hours for the week, your alleged labor and equipment hours, including the percentage of labor and equipment hours you allege you spent each week.

<u>ANSWER</u>:  Plaintiff objects to this request on the grounds that it is vague and ambiguous.  Without waiving any of the above objections, Plaintiff refers to his responses to Interrogatories 1, 2, and 7, above.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
<u>Stout v. North Star Paving, et. al.</u>
Case No. 3:06-cv-81-TMB
Page 13 of 21

**Exhibit B**
**Page 13 of 21**

INTERROGATORY NO. 11:  Please identify, both on an overall basis for your entire employment with North Star, and on a week-by-week basis for 2003, who instructed you <u>not</u> to perform non-exempt work.

ANSWER:  See response to Interrogatory No. 13.

LAW OFFICES OF
SEAVER & WAGNER,
LLC

421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
<u>Stout v. North Star Paving, et. al.</u>
Case No. 3:06-cv-81-TMB
Page 14 of 21

**Exhibit B**
**Page 14 of 21**

INTERROGATORY NO. 12:  Please identify each and every person with whom you have communicated about this action (or the events that you allege in the Complaint), and for each person please describe in detail the content of any conversation or statements made to the individual as well as the date such communication took place.

ANSWER: Mr. Stout communicated with Rod Sanborn sometime in the late winter of 2005. Mr. Stout spoke with Mr. Sanborn by telephone and asked him if would be willing to provide testimony regarding my work activities in 2003.  He indicated that he would be willing to do so.  Mr. Stout had a similar conversation in the spring of 2006. Around the same time in 2003, Mr. Stout had similar conversation with Demetria McCollough and exchanged voice mails with her in Spring of 2006. Around that same time, Mr. Stout had a similar conversation with Greg Hodge.  Some time in late March or early April of 2006, Mr. Stout communicated with Dave Bristol and asked him if he would be willing to provide testimony regarding Mr. Stout's work activities in 2003.  He indicated that he would, but was reluctant to do so because of his friendship with Steve Foster.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 15 of 21

Exhibit B
Page 15 of 21

<u>INTERROGATORY NO. 13</u>: Please describe in detail your understanding of your employment duties with North Star and list every person, including but not limited to each supervisor or superior who contributed to that understanding, how he/she contributed to that understanding, and any conversations, including the date of those conversations, that contributed to that understanding.

<u>ANSWER</u>:  Mr. Stout's first contact with what is now North Star Paving, was in the late fall of 2001.  At that time, Mr. Stout spoke to Steve Foster about the possibility of coming to work for North Star in Alaska. Mr. Foster thought he might be able to come by the job that Mr. Stout was working on in California, when Mr. Foster came down over Christmas to see his father and mother. He had an interest in seeing the job Mr. Stout was working on due to the fact that Mr. Stout's project was using larger equipment than North Star used on its jobs in Alaska.  Both men talked about the fact that, in Mr. Stout's then current job, Mr. Stout frequently ran equipment when personnel failed to show up or unexpected changes occurred.  In those circumstances, Mr. Foster could expect to find Mr. Stout in a rock truck, bulldozer, or road grader.  Mr. Foster indicated that this was also the case at North Star and that he and Jack Foster and other supervisors operated equipment quite often.

Mr. Stout spoke to Mr. Foster several more times that spring and early summer before going to work for North Star in August 2002.  In those conversations, Mr. Foster indicated that North Star's needs for a supervisor depended on getting more work and

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
<u>Stout v. North Star Paving, et. al.</u>
Case No. 3:06-cv-81-TMB
Page 16 of 21

**Exhibit B**
**Page 16 of 21**

whether a certain supervisor retired.  In all of the times the two men spoke, Mr. Stout believes that their conversations regarding job duties were general and to the effect that Mr. Stout was to do what was needed at the time.  This included directing laborers and equipment operators, scheduling, dealing with owners, inspectors, operating equipment, manual labor, parts runner, or anything else that might be needed.  Mr. Foster also indicated that North Star was going to be a union shop starting in 2002, and that it had an agreement with the union whereby its supervisors could operate equipment.

In July when it appeared that North Star might have enough work to hire Mr. Stout, the duties remained the same as we discussed, and the pay would be foreman union scale.

At the start of the work season of 2004, Ken Griner met with Mr. Stout about the up-coming season, and directed Mr. Stout to spend less time operating equipment labor in the 2004 season.  Mr. Stout complied with that request.  However, in all other respects, during the 2004 construction season, Mr. Stout's duties remained as described above.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 17 of 21

**Exhibit B**
**Page 17 of 21**

INTERROGATORY NO. 14: Please identify and describe in detail all verbal or written notices that you gave to North Star that you were performing non-exempt tasks; including a description of such notice, the date of such notice was given, and what was the result, outcome or response to such notice and identify any documents which relate to, concern or evidence such notice.

ANSWER:  The daily and weekly reports Mr. Stout provided to North Star management gave substantial notice of the extent of my non-exempt activities.  In addition, North Star management was constantly informed about the nature of Mr. Stout's activities, either by observation, conversation, or the aforementioned reports.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 18 of 21

Exhibit B
Page 18 of 21

REQUEST FOR PRODUCTION NO. 1:  Please produce any and all documents pertaining or in any way relating to your answer to Interrogatory No. 1, including any documentation between you and those companies.

RESPONSE:  All relevant documents have been produced.

REQUEST FOR PRODUCTION NO. 2:  Please provide all documentation that you relied on or referred to when determining the calculations in Exhibit A.

RESPONSE:  Plaintiff has produced all relevant documents and awaits additional production from Defendants.

REQUEST FOR PRODUCTION NO. 3:  Please produce all documentation that supported or led to that understanding as stated in Interrogatory No. 14.

RESPONSE:  See response to Request for Production No. 4.

REQUEST FOR PRODUCTION NO. 4:  Please produce any and all documents that you referenced or relied on when answering Interrogatory Nos. 2-10, 12, 13, and 15.

RESPONSE: There are none.

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 19 of 21

**Exhibit B**
**Page 19 of 21**

DATED this _5th_ day of May, 2006, at Anchorage, Alaska.

SEAVER & WAGNER, LLC

Attorneys for Plaintiff

By: _____
Timothy W. Seaver
ABA #9711092

Certificate of Service
The undersigned certifies that the foregoing
document was served by mail/hand/fax
on this _5_ day of May, 2006.

Mike White
Christine Williams
Patton Boggs LLP
601 W. 5th Ave., Suite 700
Anchorage, AK  99501

_____
Connie Jenkins

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 20 of 21

**Exhibit B**
**Page 20 of 21**

## VERIFICATION

STATE OF ALASKA )
 ) ss.
THIRD JUDICIAL DISTRICT )

I, Glenn Stout, say on oath or affirm that I have read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES, and know the contents thereof. I hereby verify that the responses contained therein are true and correct to the best of my knowledge and belief.

By:_____

Glenn Stout

SUBSCRIBED AND SWORN TO before me this ____ day of_____ 2006.

_____
Notary Public in and for Alaska
My Commission Expires:_____

LAW OFFICES OF
SEAVER & WAGNER,
LLC

421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 21 of 21

**Exhibit B**
**Page 21 of 21**