
**PATTON BOGGS** LLP
ATTORNEYS AT LAW

601 West Fifth Avenue
Suite 700
Anchorage, Alaska 99501
907-263-6300

Facsimile 907-263-6345
www.pattonboggs.com

June 23, 2006

Christine V. Williams
(907) 263-6386
cwilliams@pattonboggs.com

**VIA FACSIMILE: 276-8238**
Jennifer Wagner, Esq.
Seaver & Wagner, LLC
421 West 1st Avenue, Suite 250
Anchorage AK 99501

  Re: *Stout v. North Star Paving & Construction, Inc.*
    Our Client No. 023502.0102

Dear Jennifer:

  I have returned from maternity leave and am resuming primary responsibility of this case. This letter is to address your June 20, 2006, letter to Michael White. I also left a voice mail for you on Tuesday regarding that same letter.

1. <u>Preliminary Witness List</u>

  We did not receive your preliminary witness list. However, if you believe that we should be supplying the "expect to call" or "may call" designations on our preliminary witness list, please advise. I will supply you with such designations in exchange for your preliminary witness list with those designations.

2. <u>North Star's Discovery Responses</u>

  We responded to your discovery requests on March 24, 2006. We also supplemented our disclosures/production on May 4, 2006, with approximately 300 documents. There was a delay in response time, not due to my leave or complications, but because you amended your complaint and the case was removed to federal court. Regardless, the confusion may have arisen because we labeled and supplied the responses and supplemental production all as supplemental production. Thus, our discovery responses and production were completed on May 4, 2006. I apologize for any confusion this may have caused.

  Just so we are clear, North Star has met its obligation by providing you with all the responsive documents within its procedural control. Additionally, we have not withheld any documents under the discovery rules, and have not created a privileged log. If you think there are discovery obligations still pending, please call me to discuss.

**Exhibit C
Page 1 of 3**



Jennifer Wagner, Esq.
June 23, 2006
Page 2 of 3

3. <u>Stout's Discovery Responses</u>

Your discovery responses have several inadequacies I will address and would like to discuss with you.

A. Mr. Stout did not execute an interrogatory verification page. Please advise as to when we can expect to receive that page.

B. The Answer to Interrogatory No. 1 references Mr. Stout being entitled to overtime for the years of 2003 and 2004 under federal law. Please be advised as to whether you are claiming overtime for both those years and if so under what law, state and/or federal. Our confusion is created by the following: (1) your complaint and amended complaint reference only overtime claims for 2003; (2) all materials provided for the mediation reference only 2003; (3) none of your pleadings specifically make claims for 2004, other than the untimely payment of wages under Alaska law; and (4) you have thus far not provided any form of damage calculation which would show the years for which Mr. Stout is actually claiming.

Please confirm in writing that Mr. Stout is actually making overtime claims for 2004 and supplement all your discovery obligations, including your discovery responses, where necessary.

Please be advised that we do not believe that your current pleadings make a claim for the overtime in 2004 and unless your pleadings are appropriately amended, we will object to any attempt by Mr. Stout to litigate such claims.

C. The Answer to Interrogatory No. 4 states that Mr. Stout will possibly supply documents from Seward in June 2006. Please advise as to when we can expect that production.

D. To clarify your response and "objection" to "claims process," your response should include any claim Mr. Stout has made against any employer or other person or entity since 1995 in any forum for any reason. If you now intend to supplement this response, please advise as to when we can expect that supplementation.

E. The Answer to Interrogatory No. 6 is incomplete in that I have every right to question employers, past and present, as to the veracity of Mr. Stout's answers regarding my questions. I may also compare his salary to what he reported to the IRS, which is directly contemplated by the rules of evidence. Additionally, you assert no privilege as to why that production should not take place and relevancy is an easy threshold to meet. Please produce the requested response or advise if you do not intend to further respond.

**Exhibit C**
**Page 2 of 3**



Jennifer Wagner, Esq.
June 23, 2006
Page 3 of 3


     F.    The Answer to Interrogatory No. 7 is totally incomplete. Your obligation is provide a discovery response, as you know it now, with the right to supplement. Please advise when we can expect even a preliminary damage calculation.

     G.    The Answer to Interrogatory No. 8 should be answered for the same reasons as Interrogatory No. 6. Please advise as to when I can expect that response.

     H.    For the same reason as your Answer to Interrogatory No. 7, Interrogatory No. 10 is incomplete. Please advise as to when I can expect a response.

     Please give me a call to address our mutual letters.

                                  Sincerely yours,
                                  PATTON BOGGS, LLP

                                  Christine V. Williams

CVW/mdh

cc:    North Star Paving & Construction, Inc.
        Michael D. White, Esq.

49460v1

**Exhibit C**
**Page 3 of 3**