Timothy Seaver, Esq.
SEAVER & WAGNER, LLC
421 W. 1st Avenue, Suite 250
Anchorage, AK 99501
Telephone: 907-646-9033
Fax: 907-276-8238

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GLENN STOUT,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTH STAR PAVING &<br>CONSTRUCTION, INC., KEN<br>GRINER, STEVE FOSTER, and<br>JACK FOSTER,<br><br>    Defendants. | Case No. 3:06-cv-81-TMB |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF DISCOVERY REQUESTS**

Plaintiff, Glenn Stout, hereby responds to Defendant's First Set of Discovery Requests as follows:

**GENERAL OBJECTIONS**

Plaintiff objects to the extent Defendant's requests call for information that is protected by the attorney client privilege and/or is protected as attorney work product.

INTERROGATORY NO. 1: For the allegation made in Paragraph 14 of your Complaint, namely that "Mr. Stout spent greater than 20 percent of his time performing

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

EXHIBIT A
PAGE 1 OF 3 PAGES

'non-exempt' work of the type regularly performed by the employees he supervised" please state all of the facts upon which you base each allegation, identifying each and every person you allege who has knowledge of those facts and all documents related to, concerning or evidencing those facts.

ANSWER: Plaintiff objects to this request on the grounds that it is vague and ambiguous. Without waiving any of the above objections, Plaintiff offers the following response. For the weeks in which Plaintiff seeks overtime pursuant to the AWHA, Plaintiff spent substantially in excess of twenty percent of his time performing various tasks that do not fall within the definition of non-exempt work as defined by the Alaska Wage and Hour Act. Those activities are as described in Plaintiff's complaint and are identified by task in the daily and weekly reports completed by Plaintiff during the relevant time period, and which are in Defendants' possession. The persons with knowledge of Mr. Stout's activities are as listed in his Initial Disclosures, provided to Plaintiff pursuant to Alaska's Rules of Civil Procedure. More specifically, the various inspectors for the projects to which Mr. Stout was assigned would have knowledge of his non-exempt activities, as well as the persons working on the projects to which he was assigned. Those persons are specifically identified in the daily and weekly reports referenced above.

In addition, for the 2003 and 2004 seasons, Mr. Stout's activities did not fall within any federal exemption either prior or subsequent to the "Fairpay" regulations

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 2 of 21

EXHIBIT A
PAGE 2 OF 3 PAGES

adopted on April 23, 2004, and made effective as of August 23, 2004. Consequently, he is entitled to overtime pursuant to the Fair Labor Standards Act for both 2003 and 2004.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS
Stout v. North Star Paving, et. al.
Case No. 3:06-cv-81-TMB
Page 3 of 21

EXHIBIT A
PAGE 3 OF 3 PAGES