Michael D. White (AK Bar Assoc. No. 8611144)
mwhite@pattonboggs.com
Christine V. Williams (AK Bar Assoc. No. 0204007)
cwilliams@pattonboggs.com
Patton Boggs LLP
601 West 5th Avenue, Suite 700
Anchorage, Alaska 99501
Telephone:	(907) 263-6300
Facsimile:	(907) 263-6345

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GLENN STOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NORTH STAR PAVING AND CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, AND JACK FOSTER, | ) ) ) ) |
| Defendants. | ) Case No. 3:06-cv-81-TMB |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
<u>DEFENDANTS' MOTION FOR PROTECTIVE ORDER</u>**

**I.**

**INTRODUCTION**

This is a wage and hour case. After over a year of litigation, a mediation, and less than 4 months before trial, the plaintiff, for the first time, requested information related to claims for overtime allegedly accrued in 2004. What the plaintiff has never done, however, is seek to amend his complaint to actually claim this alleged overtime for 2004. [*See* Docket No. 1., Amended Complaint.] Because such discovery will be irrelevant to the claims presented by the complaint or the Amended Complaint, and because allowing the plaintiff to engage in a fishing expedition in the defendants' records will cause annoyance, oppression, and undue burden and

expense, the Court should enter an Order protecting the defendants from this unwarranted discovery.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

North Star is a small paving contractor. The plaintiff worked for North Star as a superintendent/supervisor on paving projects. The plaintiff was classified as an exempt employee, received a salary, and, North Star contends, was not subject to the overtime pay requirements of federal and/or state law. At the end of 2004, North Star discharged several employees, including the plaintiff, in the course of a company reorganization. At no time during his employment did plaintiff allege he was entitled to overtime.

On March 18, 2005, the plaintiff filed suit against North Star, alleging the plaintiff was an improperly classified as an exempt employee and was due unpaid overtime from North Star for 2003. Plaintiff's original complaint raised only state law claims and was brought *solely* for the year 2003. [*See* Docket No. 1.] Nearly a year later, on March 2, 2006, plaintiff confirmed in an e-mail that his complaint sought overtime damages only for ***2003***. [*See* Exhibit A.] (emphasis added).[1]

Less than a month later, on March 28, 2006, the plaintiff filed a motion to amend his complaint to add a federal cause of action for 2003. [*See* Docket No. 1.] The plaintiff incorporated by reference his claims for overtime being filed for the year 2003, but did not plead any federal or state claims, even in passing, for the year 2004. [*Id*.] In fact, the year 2004 is not

---

[1] The 3/2/06 e-mail from Plaintiff's counsel reads in pertinent part "[a]s you can see, ***it includes only time for 2003 as indicated in our initial complaint***." [Exhibit A. (emphasis added)]

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 2 of 9
**Error! Unknown document property name.**

mentioned anywhere in the plaintiff's motion or Amended Complaint. [*Id.*; Docket No. 1.] Because plaintiff's proposed amendment did nothing more than add a new legal theory claiming recovery under federal as well as state law, North Star did not oppose the amendment. [*See* Docket No. 1.] On May 5, 2006, the plaintiff answered discovery requests propounded to him. *For the very first time*, the plaintiff mentioned that he might be pursuing overtime claims for the year 2004. [Exhibit B at p. 3.] Concerned at what appeared to be attempt by the plaintiff to insert into issue a claim that had never been raised in the pleadings via passing comments in discovery response, on June 20, 2006, North Star called the plaintiff and requested a return call to discuss the issue. [*See* Exhibit C.] No return call was received.

Having received no response, on June 23, 2006, North Star wrote to the plaintiff and detailed North Star's concerns as well as the plaintiff's discovery deficiencies. [Exhibit C.] North Star's detailed concerns included: (1) no preliminary witness list supplied by the plaintiff; (2) no verification page supplied by the plaintiff; (3) that it looked like a claim for *2004 was being made for the first time*, and whether this was true; (4) the lack of information and documentation provided by the plaintiff to specific requests; and (5) the absolute lack of a damage figure or damage calculations. [*Id.*] North Star again requested a return phone call. [*Id.*] No response, however, was received. [2]

Finally, on July 18, 2006, in response to North Star's repeated requests, the plaintiff confirmed that he intended to seek damages related to alleged unpaid overtime in 2004. The plaintiff denied he had any obligation to amend his complaint to actually plead a claim for 2004

---

[2] On July 6, 2006, the plaintiff did supply the verification page for his discovery responses. None of North Star's other concerns were addressed, however, and no return phone call was received. [*See* Exhibit D.]

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 3 of 9
**Error! Unknown document property name.**

contending that the passing reference to "2004" in discovery responses was sufficient legal notification of that claim.[3] [*See* Exhibit E.]

On July 25, 2006, North Star again called the plaintiff to arrange a time to discuss this issue. In response, the plaintiff supplied an email to North Star, claiming that North Star had adequate notice of the 2004 claim year because of the following: (1) the passing discovery response, which North Star inquired about; (2) concurrently furnished discovery responses; and (3) the discovery requests that the plaintiff was going to serve in the near future. [Exhibit F.]

### III.

### REMEDY SOUGHT IN THIS MOTION

North Star moves for a protective order. North Star received detailed discovery requests which seek information related to the alleged 2004 unpaid overtime.[4] [*See* Exhibit G.] This information is not discoverable because it is irrelevant to any claim actually at issue in this case. The plaintiff has not pled a claim for 2004. Unless and until the plaintiff seeks and obtains leave to amend his complaint and actually pleads a claim for 2004, any discovery directed to 2004 is simply inappropriate. If the plaintiff is somehow able to successfully obtain leave to file its second amended complaint, then he must also provide initial disclosures related to the new claim as well as supplement his discovery responses to adequately provide notice of the nature and factual basis of such claims.

---

[3] Unfortunately, the letter also misstated the year for which the plaintiff was seeking damages under state law, confusing the matter even further. [*See* Exhibit E.]

[4] These discovery questions were served on July 25, 2006, and, in fact, sought, *inter alia*, discovery related to overtime claims for 2004. North Star's served its responses on August 28, 2006, objecting to the production of any information related to 2004.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 4 of 9
**Error! Unknown document property name.**

Unless and until the plaintiff takes these preliminary steps, no information for 2004 is relevant. On the other hand, forcing North Star to respond to defective discovery requests will prejudice North Star because North Star has not had an opportunity to: (1) evaluate the additional claim under the statute of limitations; (2) object to the assertion of the new additional claim; (3) move to strike the additional claim. Indeed, if North Star were to respond to the discovery requests it could be seen to have consented to litigate the unstated claim. Accordingly, a protective order is necessary in order to protect North Star's rights.

## IV.

## ARGUMENT

Under Fed. R. Civ. P. 26(c), a protective order should be filed at the request of a party if justice requires the order to protect any party or person from annoyance, embarrassment, oppression, undue burden, or expense. [Fed. R. Civ. P. 26(c).] Such an order may include, among other things, a command that discovery or some of it not be had, or that certain matters not be inquired into. [*Id.*] Irrelevant evidence is never admissible. [Fed. R. Ev. 402, 403.] Thus, discovery aimed at developing irrelevant evidence is not "reasonably calculated to lead to the discovery of admissible evidence," and is therefore impermissible. [Fed. R. Civ. P. 26(b)(1); *Wood v. McEwen,* 644 F.2d 797, 801-02 (9th Cir.1981).]

A.  **A Protective Order Prohibiting Discovery Of Evidence Related To The 2004 Construction Season Should Be Entered Because Such Evidence Is Irrelevant To The Claims In The Complaint.**

In his Amended Complaint, the plaintiff asserted claims under both state and federal law for alleged overtime payments for projects and work completed in 2003. [First Amended Complaint ¶¶ 12 – 14, 16, Docket No. 1.] Nothing in the Amended Complaint gives any notice

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 5 of 9
**Error! Unknown document property name.**

that the plaintiff intends to assert any overtime claims for 2004.  [*See id.*]  Evidence is relevant if it has any tendency to make a fact at issue in the case more likely to be true than it would be without the evidence.  [Fed. R. Ev. 401.]  Thus, only evidence that concerns a fact actually at issue in the case can be relevant.  [*Id.*]

Here, the plaintiff's case has nothing to do with any events that transpired in 2004.  The plaintiff has only pled causes of action arising out of events that transpired in 2003.  [First Amended Complaint ¶¶ 12 – 14, 16, Docket No. 1.]  He has not pled any causes of action or stated any claims relating to 2004.  Thus, North Star has no legal obligation to respond to discovery requests directed at unpled claims that are not reasonably calculated to lead to the discovery of admissible evidence.  Thus, entry of a protective order that would foreclose inquiry and excuse the decision not to respond to discovery requests dealing with those facts is appropriate in this case.

B. **The Plaintiff Cannot, As A Matter Of Law, Argue That Evidence Of Events That Occurred In 2004 Are Relevant On The Basis Of An Assertion Of Claims Without Any Amendment Of A Pleading**.

The plaintiff will likely argue that the evidence requested is relevant because it relates to some sort of implicit claims for damages related to events in 2004.  Such an argument is not legally supportable because there is no such thing as implicit amendment without leave.

Specifically, the plaintiff seeks to add an entire year to his claim (including different projects) without amending a single pleading.  This conduct is contrary to the purpose of the civil rules and should not be allowed.  Fed. R. Civ. P. 15 ("Rule 15"), which governs the amendment of pleadings, particularly complaints, speaks to this issue.  "Rule 15 reflects the fact that the federal rules assign the ***pleadings the limited role of providing parties with notice of the nature***

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 6 of 9
**Error! Unknown document property name.**

*of the pleader's claims . . . and the transaction, event, or occurrence that has been called into question*."  6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1471 (2d ed.1990) (emphasis added) (internal citations omitted).  In this case, the plaintiff has not given that notice and does not even state for which months in 2004 he is seeking overtime.[5]

Under Rule 15(a), the plaintiff may amend his complaint once as of right prior to an answer or responsive pleading being filed.  [*See* Fed. R. Civ. P. 15(a).]  Once a responsive pleading is filed or a first amendment is filed, any subsequent changes require leave of court.  [*Id.*]  The plaintiff is well aware of this, because he has already amended his Complaint once in this case, and sought leave to do so.  [*See* Motion for Leave to Amend, Docket No. 1.]  As the plaintiff implicitly acknowledged at the time of that Motion, leave was required because the defendants had already filed a responsive pleading, an answer.  [*See* Answer to Amended Complaint, Docket No. 1.]  Thus, the time for an amendment as of right has long since passed, and any further amendment will require leave of the Court.  The plaintiff has made no motion to obtain such leave.

Further, the plaintiff's discovery response does not constitute either a pleading or an acceptable amendment under the federal rules.  Only pleadings may be amended.  Rule 15(a) and

---

[5] Wright & Miller state that the federal courts typically allow amendment to do the following: (1) change the theory of the case; (2) plead the correct capacity; or (3) to state additional claims (under the same event) or defenses.  [*Id*. § 1474.]  That is, "[a] rule 15(a) amendment that asserts a new claim arising our of the 'conduct transaction or occurrence' set forth in the original pleading will fall under Rule 15(c) and relate back to the date of the original pleading.  However, *whenever a party seeks to add an entirely new claim for relief under Rule 15(a)*, *it will be subject to the applicable statute of limitations and may not be allowed if it is time barred*."  *Id*. § 1474 (emphasis added)(internal citations omitted).  In this case, the 2004 amendment implicates a two-year statute of limitations defense under the federal employment law.  [*See* 29 U.S.C. § 207 *et seq*.]  This argument is premature, but demonstrates the prejudice North Star will face if the 2004 claim is permitted without necessary motion practice.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 7 of 9
**Error! Unknown document property name.**

Rule 7(a) "define pleadings as follows: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and, pursuant to a court order, a reply to an answer or third-party answer.  Rule 15(a) applies to each of these pleadings." *Id.* at 1475.  Thus, a passing discovery response does not qualify as an acceptable amendment to any pleading.

Moreover, an amended pleading must state the allegations that are new to the case, as well as stating the allegations that are going forward from the earlier complaint.  "[T]he identification of the particular allegations to be incorporated must be direct, clear and explicit." *Id.* at 1476.  These clear allegations "insure that the pleadings give notice of ***all the issues that are in controversy so they can be handled and comprehended expeditiously***." *Id*. at 1476.  The plaintiff has failed to meet this burden for allegations related to events in 2004.  After all, the plaintiff has not *made* any formal allegations regarding 2004, and did not even indicate in his discovery responses for what months of 2004 he was seeking overtime.  This is in marked contrast to the original and Amended Complaint, which gave adequate notice of the claims related to 2003.

Thus, the plaintiff must actually move for leave to amend his complaint, and cannot rely upon a passing reference in discovery responses to potential claims for 2004.  The motion to amend must satisfy the requirements for a motion for leave to amend.  In particular, it must demonstrate that amendment will not prejudice the defendants, is not made after an undue delay, is not made in bad faith, and will not be futile.  [*See* Rule 15.]  The plaintiff has made no effort to do that in the present case and he should only be permitted to seek discovery relevant claims he is making.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 8 of 9
**Error! Unknown document property name.**

## III.

## CONCLUSION

The plaintiff seeks information related to claims that have not been pled without first seeking leave from the Court to add such claims to his complaint. Because this information is irrelevant to the claims that have been properly pled and are before the Court, it is inadmissible. Thus, the Court should enter a protective order precluding any further inquiry into the alleged events, and that any discovery regarding alleged unpaid overtime related to events in 2004 not be had.

DATED at Anchorage, Alaska this 28th day of August, 2006.

Counsel for All Defendants

By:   s/ Christine V. Williams
      Christine V. Williams
      Alaska Bar Assoc. No. 0204007
      Michael D. White
      Alaska Bar Assoc. No. 8611144

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August, 2006, I caused a true and correct copy of the foregoing document to be served via:

☐ US Mail   ☑ **Electronically**   ☐ Hand-Delivery on:

    tseaver@seaverwagner.com
      Timothy Seaver, Esq.
      Seaver & Wagner, LLC
      421 West 1st Avenue, Suite 250
      Anchorage AK 99501

By:   s/ Marcia Hill
      Marcia Hill, Legal Secretary
      PATTON BOGGS LLP

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER
*Stout v North Star Paving & Construction et al.*
CASE NO: 3:06-cv-81-TMB
Page 9 of 9
**Error! Unknown document property name.**