LAW OFFICES OF
# SEAVER & WAGNER, LLC

TIMOTHY W. SEAVER
JENNIFER A. WAGNER

OF COUNSEL TO
MIDDLETON & TIMME, P.C.

421 WEST 1ST AVENUE, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 646-9033
FAX (907) 276-8238

July 18, 2006

Via Fax 263-6345

Christine Williams
Patton Boggs LLP
601 W. 5th Avenue, Suite 700
Anchorage, AK 99501

Re: Stout v. North Star Paving & Construction Co.

Dear Christine:

This letter responds to your letter of June 23, 2006. I will begin by responding to your various objections to our discovery responses. I will respond to those in the same order as your letter.

    A.    My understanding is that Mr. Stout has provided an interrogatory verification page to you. However, because my secretary, Connie, is absent due to a family illness I cannot confirm this. Let me know if you have not received it.

    B.    As stated in our discovery response to you, Mr. Stout is claiming overtime under the FLSA for both 2003 and 2004. Mr. Stout is claiming overtime under the AWHA for 2004.

    C.    The referenced document will be produced upon Connie's return, which I hope and expect to be by the end of this week.

    D.    Neither our objection nor our response to Interrogatory No. 5 has changed in light of your effort to "clarify" the term "claims processes."

    E.    Your objection regarding Interrogatory No. 6 does not make sense. You claim that you "have every right to question employers, past and present, as to the veracity of Mr. Stout's answers regarding my questions." However, you do not identify what "questions" such employers would be able to confirm or deny. Nor does your answer explain how any such information bears even the slightest

Exhibit E
Page 1 of 4

RECEIVED
JUL 18 2006
Faxed 3:20

Christine Williams
July 18, 2006
Page 2 of 4

connection with whether Mr. Stout was properly classified as an exempt employee by the Defendants. In addition, your interrogatory seeks information having nothing to with your asserted "right to question employers, past and present...." Consequently, the interrogatory is objectionable even by your own standard.

    F.    I will try to respond to your objection regarding Interrogatory No. 7. Your request is not limited to any time period. As you know Mr. Stout was employed by Defendants for three "seasons." He claims damages for two seasons. Thus, even if your request were clear (it is far from it) it would be overbroad and not reasonably calculated to lead to the discovery of admissible evidence. As for that part of your request that involves deductions, at this time, it is not Mr. Stout's claim that his salary was subject to impermissible deductions. It is possible that subsequent discovery will alter this response. Finally, your objection seems to switch gears and complain that we have not provided you with "even a preliminary damage calculation." That is not true. You received a "preliminary damage calculation" prior to our mediation in this matter. A more complete calculation, of course, requires additional discovery. This is for the simple reason that Defendants control virtually all of the documentation that would permit such a calculation. In this regard, it is worth pointing out that both federal and state law requires the employer to keep an accurate record of hours for non-exempt employees. It is because Defendants failed to do this that any damages calculation requires substantial production on your part and substantial effort on Mr. Stout's part. Moreover, request of that discovery was delayed in large part due to your request that we not file things in your absence and our agreement, out of courtesy, not to do so. In any case, we are leaving for an annual family vacation on July 28, 2006, and we have every intention of submitting additional requests for discovery that, if produced, will allow us to calculate Mr. Stout's discovery following our return.

    G.    Your objection regarding Interrogatory No. 8 offers no reason why Mr. Stout's tax returns for the past five years are relevant to whether he was properly classified or the amount of overtime hours he worked in the relevant period. Nor does your objection explain how receiving those returns will allow you to test Mr. Stout's veracity.

    H.    My response regarding Interrogatory No. 7 applies here as well.

**Exhibit E**
**Page 2 of 4**

Christine Williams
July 18, 2006
Page 3 of 4

     I will now turn to Defendants' discovery responses. There are a number of areas that we believe Defendants' responses are deficient.

     Interrogatory No. 1 seeks various information including the duties of the listed individuals. Your response repeatedly refers to "various duties" without stating what those duties are. Unless you are taking the position that these individuals are "employers" as defined by both the FLSA and the AWHA, this information is clearly relevant to this question. Please state specifically the "various duties" of these individuals for the relevant time period.

     Interrogatory No. 6 seeks information relevant to Mr. Stout's pay in 2002. Your response assumes that the question relates to damages for unpaid wages in 2002. It does not. Rather the question is relevant to North Star's decision to classify Mr. Stout as exempt in 2003. Please respond to the question as asked.

     Your response to Interrogatory No. 9 does not make sense. The request seeks statements, action, etc., by the Plaintiff and therefore no privilege can apply. You further claim that the information is "protected as possible impeaching evidence." I am not aware of any such protection. Please either respond to the question or identify the source of this claimed "protection."

     With regard to Interrogatory No. 13, the identity of the persons who provided information to complete the discovery is not privileged as it does not call for privileged communications. Similarly, the content of the interrogatories cannot be privileged for a variety of obvious reasons. Please respond to this interrogatory.

     With regard to your document production, Defendants continue to ignore their obligations pursuant to the rules. You claim that a set of some 300 documents produced as supplemental initial disclosures along with prior documents also produced as initial disclosures satisfies your obligations. Fed. R. Civ. P. 34 provides that "a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." It is quite obvious from the way these documents have been produced that Defendants have not simply produced documents as they are kept in the usual course of business. Consequently, your response does not comply with the rule. Although we have no intention of demanding that Defendants provide the documents again with labels, at a minimum you should identify which documents are responsive to which request. Without this basic information, we have no way of determining whether and to what extent you have responded to our document requests.

**Exhibit E**<br>**Page 3 of 4**

Christine Williams
July 18, 2006
Page 4 of 4

    Finally, with regard to Defendants' response to Plaintiff's Requests for Admissions, you have mistranslated Plaintiff's Request for Admission No. 3. Specifically, your response has substituted the word "fired" for the actual word "hired." Please provide a response to the question as asked.

    I look forward to your response

                      Sincerely yours,

                      SEAVER & WAGNER, LLC

                      Jennifer Wagner