## Hill, Marcia

| | |
|---|---|
| **From:** | Williams, Christine |
| **Sent:** | Tuesday, July 25, 2006 2:16 PM |
| **To:** | 'Tim Seaver' |
| **Cc:** | White, Michael; Hill, Marcia; Tipton, Janet |
| **Subject:** | RE: |

Tim:

Thank you for the courtesy copy. I take exception to the statements in your letter and will not respond in kind. Please advise as to who will be handling this matter in your absence.

-----Original Message-----
**From:** Tim Seaver [mailto:tseaver@seaverwagner.com]
**Sent:** Tuesday, July 25, 2006 1:44 PM
**To:** Williams, Christine
**Cc:** Jennifer Wagner
**Subject:**

Christine,

Attached are Plaintiff's Second Combined Discovery and Plaintiff's Response to Def's First Request for Admissions. These are provided by email as a courtesy to you and in advance of a phone call. I will be tied up the rest of today with other matters and have asked Jennifer to call you.

I want to clarify a few issues, however. In your last letter you thank us for "removing the privilege from the preliminary damages calculations." There is, of course, no "privilege" at issue here. I assume, therefore, that you are referring to Fed. R. Evid. R. 408 (relating to relevancy). We certainly have not waived objection pursuant to Rule 408. The statement in our letter was merely a statement of fact that we had provided you with "preliminary" damage calculations. In any case, as explained in our prior letter, a final calculation of our damages will require further discovery from Defendants. Hence the discovery attached to this email. Consequently, for you to file a motion to compel regarding our responses relating to damages strikes me as premature. I will note that the process of providing a damages calculation will certainly be facilitated if Defendants actually respond to our requests in accordance with the Federal Rules as opposed to simply producing a jumble of documents with no indication as to what requests the documents are responsive. Assuming your continued refusal to follow the rule in this regard, I suppose that we will have little choice but to file a motion to compel. However, I intend to file one such motion after we have seen Defendants' response to our second requests.

In addition, we did not respond to your request regarding our intent to amend the complaint, because it did not require a response. We are in a notice pleading regime. We have openly stated the years for which we are pursuing overtime claims in variety of places including our discovery responses, our prior letter to you, and in the attached response to your request for admissions.

In paragraph D of your most recent letter you refer to Interrogatory 13 and then talk about document production and make obscure reference to "accusations." I have no idea to what you refer. Indeed, you seem to find attack and accusation at every turn. Christine, this is litigation between parties. It is not a personal battle between lawyers. I would suggest that neither of our clients is well served by turning the former into the latter. In any case, if you wish to provide some more relevant response relating to Interrogatory No. 13, I would welcome it.

Finally, the last paragraph of your letter appears to be missing words and therefore cannot be understood. If you are again referring to how we allocate work within our office, we have answered the question previously and do not intend to do so again.

**Exhibit F
Page 1 of 2**

7/25/2006

-- Tim

Exhibit F
Page 2 of 2

7/25/2006