Timothy Seaver, Esq.
SEAVER & WAGNER, LLC
421 W. 1st Avenue, Suite 250
Anchorage, AK 99501
Telephone: 907-646-9033
Fax: 907-276-8238

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GLENN STOUT, | ) |
|       Plaintiff, | ) ) ) |
| vs. | ) ) |
| NORTH STAR PAVING & CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, and JACK FOSTER, | ) ) ) ) ) | Case No. 3:06-cv-81-TMB |
|       Defendants. | ) ) |

**OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff Glenn Stout, through his attorneys, hereby opposes Defendants' Motion for Protective Order.

Defendants' motion appears to be based on the premise that Plaintiff's amended complaint fails to give notice to Defendants of Plaintiff's claim as required by Fed. R. Civ. P. 8(a). It is notable, therefore, that Defendants' motion fails even to mention Rule 8. Instead, Defendants set up a number of straw men and proceed to knock them down. Much more disturbing is that in attempting to bolster their argument, Defendants give a misleading account of the history

of this litigation.

All of this is particularly curious given that immediately after the last hearing in this matter, the parties engaged in a lengthy conversation regarding the issue at the heart of Defendants' current motion. During that conversation, Defendants' counsel indicated her belief that Defendants had a statute of limitations argument regarding any damages for 2004 and therefore did not want to produce documents relating to 2004. Counsel for Plaintiff responded by suggesting that if Defendants held such a belief, they should file a motion for partial summary judgment. Plaintiff's counsel further offered that if Defendants filed such a motion and encouraged the Court's quick resolution of that motion, Plaintiff, in opposing the motion, would concur with the need for quick resolution and would agree not to file a motion to compel while the partial summary judgment was pending. Defendants appeared to accept this course as most efficient and indicated an intent to file such a motion shortly. But rather than filing the motion discussed by counsel, Defendants filed the current motion with the preposterous claim that it has not had the opportunity "to… evaluate the additional claim [for wages from 2004] under the statute of limitations."[1]  Putting aside that this statement is simply untrue, Defendants do not explain why they have not had an opportunity to "evaluate" this claim, and why they need to see the demand for damages from 2004 in a complaint rather than in discovery to conduct

---

[1] Def. Mot. for Protective Order 5.

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 2 of 10

such an evaluation. In addition, Defendants, in direct contravention of the plaint language of 26(c), failed to confer with Plaintiff regarding filing the motion and failed to file a certification indicating efforts to confer. The inescapable conclusion from Defendants filing a motion that simply ignores the relevant law and avoids the most efficient approach to this litigation, is that Defendants' actual desire is to further delay this litigation.

## BACKGROUND

Although largely irrelevant to Defendants' current motion, Defendants once again trot out many of the trivial and unfair complaints regarding Plaintiff's not responding to Defendants' phone calls. These same claims were addressed in the parties' prior pleadings for an extension of the trial dates they will not be addressed again here. But Defendants add some additional claims that require response. Specifically, Defendants made a number of assertions in an effort to suggest that Plaintiff has somehow sought to hide the ball with Defendants. Defendants' narrative, however, ignores the salient facts. For example, Defendants neglect to mention that this case was delayed for many months at the agreement of both parties in order to engage in a mediation.[2] Most importantly, during that time, Plaintiff, as a courtesy to Defendants, agreed to forego receiving from Defendants pending discovery responses and initial disclosures. Indeed, it was not until the end of March, 2005, over a year after the complaint was filed,

---

[2] Seaver Affidavit

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 3 of 10

that Defendants provided Plaintiff with their initial disclosures. Within four days of receiving Defendants' initial disclosures and a few weeks after the failure of mediation, Plaintiff filed his Motion to Amend.[3]

Perhaps most disturbing is Defendants' attempt to use an email from March 2, 2003, to support their claim that Plaintiff has somehow sandbagged Defendants. That email was intended to correct and explain a spreadsheet that had been provided to Defendants in anticipation of mediation. The spreadsheet mistakenly included data from a separate piece of litigation and thus included damages for periods that were not at issue in this litigation. Thus, the email merely was reiterating what Mr. Stout was seeking under his _state_ wage claim.[4] As Defendants well know, at the time that the email was sent, Mr. Stout had not even amended his complaint yet to seek damages under federal law. Consequently, for Defendants to attempt to use this email to support its motion is the height of disingenuousness. In sum, even if Defendants' factual recitation were relevant to its protective order (it is not), it is inaccurate at best.

## I. PLAINTIFF'S AMENDED COMPLAINT SATISFIES RULE 8(a) WITHOUT ADDITIONAL NEED FOR AMENDMENT

Defendants cannot dispute that they have been on clear notice of Plaintiff's claim for wages from 2004 under the Fair Labor Standard Act since May 4, 2006. On that date, Plaintiff stated in response to Defendants' discovery that:

---

[3] Seaver Affidavit
[4] Seaver Affidavit

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 4 of 10

> In addition [to Plaintiff's original claim pursuant to the AWHA], Mr. Stout's activities did not fall within any exemption either prior or subsequent to the "Fairpay" regulations adopted on April 2004, and made effective as of August 23, 2004. <u>Consequently, he is entitled to overtime pursuant to the Fair Labor Standards Act for both 2003 and 2004.</u>[5]

As if this were not clear enough, when Defendants sent Plaintiff a request for admission seeking the same information, Plaintiff responded by reiterating his discovery response well before the date that the response was due.[6]

Unable to claim lack of notice, Defendants' motion depends on the premise that in order to seek discovery regarding Plaintiff's hours in 2004, Plaintiff's complaint must state must explicitly that he seeks wages for this time period. But, as stated above, Defendants literally ignore Fed. R. Civ. P. 8(a) governing the requirements for pleading.

As Wright & Miller explain, pleadings have historically served four functions including: "(1) giving notice of the nature of a claim or defense; (2) stating the facts each party believes to exist; (3) narrowing the issues that must be litigated; and (4) providing a means for speedy disposition of sham claims and

---

[5] Plaintiff's discovery response was attached to Plaintiff's prior Non-Opposition to Motion for Extension as Exhibit A. In the interest of efficiency, Plaintiff will not resubmit the document.

[6] This response was also attached to Plaintiff's prior Non-Opposition to Motion for Extension as Exhibit to Exhibit B. The request was responded to on July 25, 2006, but was not due until August 14.

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 5 of 10

insubstantial defenses."[7] In the modern pleading regime, however, the purpose of pleadings is vastly simplified. As Wright & Miller State:

> The federal rules provide procedural techniques that are more efficient than pleading for performing the last three of the four traditional pleading functions. The relevant facts may be determined by discovery. The issues likewise may be narrowed by discovery, or by a pretrial conference, <u>or by "partial summary judgment" under Rule 56(d)</u>. ….This is not to deny that the pleadings, in some cases, still will assist in performing one or more of these three functions; rather, it simply suggests that the pleadings no longer carry exclusive responsibility for them. <u>The only function left to be performed by the pleadings alone is that of notice.</u>[8]

The U.S. Supreme Court has recently reiterated Wright & Miller's emphasis interconnection between Rule 8, the rules of discovery and Rule 56 in addressing the prior functions of pleading:

> This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." <u>5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).</u>[9]

In light of the plain language of Rule 8(a) and the Court's clear reliance on discovery and summary judgment as a means of determining and narrowing issues, the Defendants' motion simply makes no sense. In other words, Defendants cannot be heard to say that because the demand for overtime wages for

---

[7] Wright & Miller, Federal Practice and Procedure: Civil 3d § 1202.
[8] <u>Id.</u> (emphasis added).
[9] <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 513, 122 S.Ct. 992 (2002).

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 6 of 10

2004 appeared in response to discovery as opposed to in the complaint itself, that they are somehow unable to "evaluate" the merits of that particular part of Plaintiff's claim. In addition to being silly on its face, the claim is legally indefensible in light of 70 years of case law culminating in the above quote from the Supreme Court.

To appreciate the futility of Defendants' current motion one need only imagine its success. The Defendants' sole basis for their motion is the absence of mention of 2004 in the amended complaint. Thus, if Plaintiff were to amend his complaint and make mention of 2004, the need for the protective order would be obviated[10] and Defendants would either have to file for summary judgment and request a stay of discovery pending resolution of the motion, or respond to the discovery from which they now seek protection. This, of course, is precisely the same position the Defendants would be in if they had never filed their motion or if the motion were denied.

Of course, Defendants cannot argue that an amendment, if required, would somehow be barred. The Fed. R. Civ. P. 15(a) is clear that amendments are to be "freely given." And Defendants have provided no argument whatsoever to indicate that the amendment they insist should occur would be barred. On the contrary, they appear to concede that such an amendment would be allowed.

---

[10] Wright & Miller, Federal Practice and Procedure: Civil 3d § 2036 ("If a protective order is granted, it may be vacated or modified by the court on an appropriate showing.")

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 7 of 10

In short, it is exactly the kind of gamesmanship reflected in Defendants' motion that Rule 8 was designed to avoid. In any case, the Court can avoid further waste of time and resources by denying Defendants' motion.

## II. DEFENDANTS' MOTION FAILS TO SATISFY THE EXPLICIT REQUIREMENT OF RULE 26

Fed. R. Civ. P. 26(c) provides that a court may make any order to protect the party from "from annoyance, embarrassment, oppression, or undue burden or expense." Addressing this rule, Wright & Miller state:

> The rule requires that good cause be shown for a protective order. This puts the burden on the party seeking relief to show some plainly adequate reason therefore. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.

Here, Defendants have failed to indicate any annoyance, embarrassment, oppression, or undue burden or expense they will suffer by responding to Plaintiff's discovery. This failure alone defeats Defendants' motion.

In addition, Rule 26(c) expressly requires that a motion for a protective order be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action...." Defendants' motion includes no such certification. Of course the lack of such a certification is not merely an oversight. As stated above, the parties' only prior conversation between the parties' on this issue regarded Defendants filing a motion for partial summary judgment. Although Defendants may dispute that they agreed to such a course (a dubious

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 8 of 10

provided no reasonable basis for their motion, an award of attorneys' fees is appropriate. To rule otherwise will only encourage further unnecessary motions and further waste of the court's and the Plaintiff's limited resources.

DATED this 12th day of September, 2006, at Anchorage, Alaska.

SEAVER & WAGNER, LLC

Attorneys for Plaintiff

By: _____
Timothy W. Seaver
421 W 1st Ave, Ste 250
Anchorage, AK 99501
Phone: (907) 276-9033
Fax: (907) 276-8238
E-mail: tseaver@seaverwagner.com
ABA #9711092

Certificate of Service
The undersigned certifies that the foregoing
document was served electronically
on this 12th day of September, 2006, on
the following persons:

Mike White
Christine Williams
Patton Boggs LLP
601 W. 5th Ave., Suite 700
Anchorage, AK  99501

_____
Timothy Seaver

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 10 of 10

claim in itself), they cannot possibly claim that they ever suggested an intent to file a protective order or sought to resolve the matter short of a motion. In any case, because a certification is a sine qua non for a motion pursuant to Rule 26(c), the motion should be denied for this reason as well.[11]

### III. PLAINTIFF IS ENTITLED TO AN ORDER COMPELLING DISCLOSURE AND FOR ATTORNEYS FEES

Rule 26(c) provides that: "If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." Under the circumstances, the Court should not only deny the motion for protective order, but it should avoid further delay and waste of resources by ordering that Defendants' provide all responsive documents related to 2004.

Rule 26(c) also provides that the "provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to" a motion for a protective order. Rule 37(a)(4) provides that if the motion is denied, the prevailing party should be awarded his reasonable attorneys fees "unless the court finds that that the making of the motion is substantially justified or that other circumstances make an award of expenses unjust."

Particularly here where Defendants have failed to make any effort to confer regarding the need for the motion, have distorted the history of the case, and have

---

[11] Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D.Kan. 1999).

Opposition to Defendants' Motion for Protective Order
Stout v. North Star Paving & Construction et al., 3:06-cv-81-TMB
Page 9 of 10