Timothy Seaver, Esq.
SEAVER & WAGNER, LLC
421 W. 1st Avenue, Suite 250
Anchorage, AK 99501
Telephone: 907-646-9033
Fax: 907-276-8238

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GLENN STOUT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| NORTH STAR PAVING & ) | |
| CONSTRUCTION, INC., KEN ) | |
| GRINER, STEVE FOSTER, and ) | Case No. 3:06-cv-81-TMB |
| JACK FOSTER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### AFFIDAVIT OF TIMOTHY SEAVER

Timothy Seaver, first being sworn on oath, deposes and states as follows:

1. I am one of the attorneys representing Plaintiff in the above captioned matter.

2. Immediately after the August 18, 2006, hearing in this matter, Counsel for Defendants and I engaged in a lengthy conversation regarding the parties' disagreement over the need to further amend Plaintiff's complaint. During that conversation, Defendants' counsel indicated her belief that Defendants had a

statute of limitations argument regarding any damages for 2004 and therefore did not want to produce documents relating to 2004. I responded by suggesting that if Defendants held such a belief they should file a motion for partial summary judgment. I further offered that if Defendants filed such a motion and encouraged the Court's quick resolution of that motion, Plaintiff, in opposing the motion, would concur with the need for quick resolution and would agree not to file a motion to compel while the partial summary judgment was pending. Defendants appeared to accept this course as most efficient and indicated that they would be filing such a motion shortly.

3.  In no case, did the Defendant attempt to confer with me regarding the need to file a motion for protective order.

4.  This case was delayed for many months at the agreement of both parties in order to engage in a mediation. During that time, Plaintiff, as a courtesy to Defendants, agreed to forego receiving from Defendants' pending discovery responses and initial disclosures. It was not until the end of March, 2005, over a year after the complaint was filed, that Defendants provided Plaintiff with their initial disclosures. Within four days of receiving Plaintiff's initial disclosures and a few weeks after the failure of mediation, I filed Plaintiff's Motion to Amend.

5.  My March 2, 2006, email was intended to correct and explain a spreadsheet that had been provided to Defendants in anticipation of mediation. The spreadsheet mistakenly included data from a separate piece of litigation and

thus included damages for periods that were not at issue in this litigation. Thus, the email merely was reiterating what Mr. Stout was seeking under his <u>state</u> wage claim.

DATED this 12th day of September, 2006 at Anchorage, Alaska.

_____
Timothy Seaver

STATE OF ALASKA           )
                          )ss
THIRD JUDICIAL DISTRICT   )

SUBSCRIBED AND SWORN TO or AFFIRMED before me on this 12th day of ~~April, 2005~~ September 2006 at Anchorage, Alaska.

_____
Cheri L. Tabor
Notary Public
My commission expires 3-7-2008