Michael D. White (AK Bar Assoc. No. 8611144
mwhite@pattonboggs.com
Christine V. Williams (AK Bar Assoc. No. 0204007)
cwilliams@pattonboggs.com
Patton Boggs LLP
601 West 5th Avenue, Suite 700
Anchorage, Alaska 99501
Telephone:     (907) 263-6300
Facsimile:     (907) 263-6345

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GLENN STOUT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH STAR PAVING AND )<br>CONSTRUCTION, INC., KEN GRINER, )<br>STEVE FOSTER, AND JACK FOSTER, )<br>)<br>Defendants. ) | Case No. 3:06-cv-81-TMB |

**DEFENDANTS' MEMORNAUDM IN REPLY TO**
**PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

**I.**

**INTRODUCTION**

In his Opposition, Plaintiff completely fails to address, let alone establish, just how the 2004 discovery he seeks is relevant in any manner to the claims at issue in this case. Instead, Plaintiff attempts to equate notice from a passing comment in a discovery response to proper notice pursuant to Fed. R. Civ. P. 8. In doing this, Plaintiff ignores the critical point: discovery responses are <u>not</u> pleadings. Thus, discovery responses do not fall under the "notice pleading" analysis that Plaintiff attempts to invoke as the basis for denying North Star's Motion. In fact, the law on this point is clear and concise, including the very case law relied upon by Plaintiff,

50908

and wholly supports Defendant's position. Additionally, Plaintiff, by failing to amend his complaint, prejudices North Star's ability to correctly assert its own defenses in appropriate pleadings. Finally, Plaintiff is only allowed to amend his complaint after obtaining leave of Court, an obligation he seeks to avoid by pursuing this tactic. For these reasons, North Star's motion for protective order should be granted.

## II.

## ARGUMENT

**A.     Mentioning a New Claim For The First Time in A Discovery Response Does Not Constitute Adequate Notice Because Discovery Responses Are Not Pleadings and the Law Requires That Notice be Given In Pleadings.**

The entire basis of Plaintiff's Opposition[1] is that Rule 8(a) excuses his burden of attempting to amend his complaint to allege the causes of action he seeks to litigate because he gave some sort of notice in a discovery response. In fact, Fed. R. Civ. P. 8(a) demands the exact opposite result.

Rule 8(a) is very specific as to how notice of a claim or cause of action is to be provided. That is, notice comes through "[a] *pleading* which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim . . ." Fed. R. Civ. P 7(a) defines pleadings as complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints and answers, and pursuant to a court order, replies or answers to third-party answers. Fed. R. Civ. P. 7(a). In other words, discovery responses are **not** "pleadings" under the Federal

---

[1] Plaintiff spends a considerable amount of time engaged in name calling. While North Star takes exception to plaintiff's litany of disparaging comments, it sees no purpose in addressing these comments tit for tat other than to say that they are without merit and provide no useful input to assist the Court in resolving the present issue.

Rules of Civil Procedure and do not meet a parties "notice" obligations. Plaintiff's attempt to claim otherwise is ineffectual.

In agreement with North Star's analysis is the very Supreme Court case relied upon by Plaintiff, *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). In that case, the Supreme Court made clear that the "notice pleading" requirement of Rule 8 is aptly named because it applies to pleadings, not discovery. In *Swierkiewicz*, the Supreme Court was reviewing the sufficiency notice of a <u>complaint</u>, not a discovery response. *Id*. at 511-12. In the sentences preceding Plaintiff's quote from this case,[2] the Supreme Court explains this quite clearly, and taken in context sets forth the burden Plaintiff has failed to meet.

> Furthermore, imposing the Court of Appeals heightened pleading standard in employment discrimination cases conflicts with the Federal Rule of Civil Procedure 8(a)(2), which provides that a ***complaint*** must include only 'a short and plain statement of the claim showing the pleader is entitled to relief. ' Such a statement must simply 'give the defendant fair notice of what Plaintiff's claim is and the grounds upon which it rests.' This simplified notice ***pleading*** standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to define disputed facts and issues and to dispose of unmeritorious claims.

*Id*. at 512 (emphasis added).

Here, Plaintiff admits he has made "no short and plain statement of the claim" showing he is entitled to relief" for overtime claims in 2004. That claim has simply never been pled. Unless and until Plaintiff pleads such a claim, the matter has not been placed at issue in the case and there can be no discovery obligations placed on North Star. Simply put, North Star is entitled to a protective order.

---

[2] *See* Plaintiff's Opposition at 6.

North Star does not disagree with Plaintiff's claim that "modern pleading" requirements are much different than in days of yore where pleadings were required to serve a much more substantive role. [*See* Opposition at 5-6.] However, what the Plaintiff either ignores, or intentionally overlooks, is the fact that however liberal the pleading requirements may have become, one thing is still essential; in order to place a discovery obligation on an opposing party, a litigant still has to actual set forth notice of his claim **in a pleading**. *E.g,. Swierkiewicz*, 534 U.S. at 511-512, 506 (2002). Indeed, "giving notice of the nature of a claim or defense" is, according to the very passage of Wright and Miller that Plaintiff quotes, the number one historical function of pleadings. Opposition at p. 5 (*quoting* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202 (3d ed. 2002)). The purpose of discovery and pretrial motion practice is not, as Plaintiff suggests, to usurp a party's most basic obligation – outline in a pleading what claims the party is actually asserting in the lawsuit.

This requirement is not a distinction without a difference. Rather, it is important because unless notice is provided in a pleading, the opposing party has no ability to fairly meet the allegation by pleading affirmative defenses. Indeed, if Plaintiff's argument were accepted, all a party would need to do in order to meet its "notice pleading" requirement would be to file a complaint that states that a party was "suing for a wage and hour violation." Every thing else, according to Plaintiff's theory, is worked out through discovery and motions. This is not, and never has been, the law.

B. **Plaintiff Seeks To Prejudice North Star by Eliminating North Star's Ability to Raise Affirmative Defenses**

Reduced to its essence, Plaintiff's Opposition to this case consists of the proposition that North Star's request for a protective order should be denied because North Star could file a

summary judgment motion based on defenses that North Star has never raised in response to a claim Plaintiff has never pled. The civil rules refute Plaintiff's proposition.

Fed. R. Civ. P. 8(c) requires that a defendant plead any affirmative defenses to claims brought forward by a complaint. "In a pleading *to a preceding pleading*, a party shall set forth affirmatively accord and satisfaction . . .statute of limitations. . .and any other matter consisting of avoidance or affirmative defense." Fed. Civ. P. R. 8(c)(emphasis added). Failure to plead an affirmative defense typically results in its waiver. *E.g., Macurdy v. Sikov & Love*, 894 F.2d 818, 824 (6th Cir. 1990)[3]. *See generally,* WRIGHT & MILLER at § 1270.

Likewise, case law is clear that affirmative defenses are required to be raised first in an answer and not for the first time in motion practice. *Harris v. Secretary of Navy,* 126 F.3d 339, 345 (D.C. Cir. 1997)("When an opposing party does receive notice of a previously unpled defense when a dispositive motion is filed, it lacks the advance notice required by Rule 8(c) that would have enabled it to develop factual and legal defenses fully.") Absent such a principle, Rule 8(c)'s mandatory requirement of the assertion of affirmative defenses in an answer would have no meaning or force. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610-611 (9th Cir. 1992).

In short, Rule 8 requires that certain defenses that North Star is going to raise must be

---

[3] As noted by the Sixth Circuit ". . . to allow the defendants to raise this affirmative defense *initially at the summary judgment motion would violate Rule 8(c)* and unfairly prejudice Plaintiff, which is why the rule requires that such a defense be asserted in the answer. We hold that this defense has been waived." *Macurdy*, 894 F.2d at 824 (emphasis added).

pled affirmatively in North Star's answer[4]. It is axiomatic that North Star cannot raise an affirmative defense to a claim that has never appeared in any pleading filed by Plaintiff. Nor is it required to. It is not North Star's burden to try to figure out the *very basics* of a claim through discovery and pretrial motion practice. An amended complaint is required, not suggested by the rules, to provide adequate notice and allow North Star to assert its defenses.

C.     **Rule 15 Requires that Leave Must be Granted by this Court before Plaintiff Can Pursue his New Claims**

After a responsive pleading had been filed, a party is required to obtain either leave of court or the consent of the adverse party in order to amend a pleading. Fed. R. Civ. P. 15(a). In this case, Plaintiff has obtained neither. Instead, Plaintiff attempts to circumvent Rule 15 altogether by asserting it has no obligation to amend its complaint at all because it provided notice of its new claim in a discovery response. Once again, this argument is not supported by any legal authority.

It is nonsensical for Plaintiff to claim he can "freely" add a new claim to his lawsuit by way of a discovery response without consent of North Star or leave of Court, when he could not amend a pleading to add such a claim without leave from Court or consent of North Star. Simply put, Plaintiff should not be allowed to sneak in the back door what he cannot bring in the front.

It is not as if Plaintiff does not understand the rules. When Plaintiff amended his complaint previously, he did so by filing a motion requesting leave to do so. [Docket No. 1.] In that motion, and as a basis for amending his complaint, Plaintiff asserted "[t]his additional claim

---

[4] Similarly, by not pleading appropriately, Plaintiff improperly prohibits North Star's ability to invoke any defenses under Fed. R. Civ. P. 12.

relies on the exact same factual basis as Plaintiff's original claim and seeks overtime for the exact same time period. *As Plaintiff's has simply provided another basis for recovery under the same factual basis, Defendants cannot possibly claim prejudice.*" *Id*. (emphasis added).

Now, in contrast, Plaintiff seeks to add another cause of action with whole new set of facts and circumstances without even attempting to amend his complaint or seeking North Star's consent. Instead, he asserts he can bypass the requirements of Rule 15(a) and dispense with its requirements by simply mentioning the new claim in a discovery response. This is not the law. North Star has no obligation to allow Plaintiff to informally amend its pleadings and transfer his basic pleading requirement to North Star. Unless and until Plaintiff either obtains leave of this Court or the written consent of North Star to amend his complaint to add the 2004 FLSA claim, that matter is not at issue in this lawsuit.[5]

D.   **Plaintiff Wholly Ignores the Standard of Rule 26 in his Opposition**

Completely ignoring the actual standards for a Protective Order, the only other grounds Plaintiff raises in opposition to North Star's motion, is that North Star did not "certify" that it had consulted with opposing counsel prior to filing the motion. Plaintiff's argument is much ado about nothing.

While North Star did not explicitly certify that it had sought to confer with opposing counsel before filing its motion, such was a simple oversight. North Star did, however, have

---

[5] North Star could, if it were so inclined, consent to litigate the 2004 FLSA claim without requiring a formal amendment to Plaintiff's complaint. In fact, unless North Star objected to Plaintiff's attempt to raise this new issue, for example by filing a Motion for a Protective Order, it would have waived the right to object to trial of that issue. Plaintiff seems to confuse North Star's ability to consent with an obligation to do so.

numerous conversations and exchange a number of letters with opposing counsel making North Star's position on this issue crystal clear.[6]  [Affidavit of Christine Williams, Exhibit A.]  The purpose of the certificate is to guarantee proper conferring has been done before bringing this action before the Court.  In this case, North Star has far exceeded that obligation.  [*Id.*]  While North Star sincerely apologizes for any inconvenience the omission of a certificate may have caused the Court, it is not a legitimate basis for denying North Star's valid motion.

On the merits, Plaintiff does not even attempt to dispute that North Star has met the standards for receiving a protective order.  [*See* North Star Opening Memorandum at 4-6.]  Indeed, Plaintiff does not even attempt to show how discovery requests for 2004 information are even remotely relevant to his 2003 claims; the only claims actually pled in his complaint.  Nor can he.  North Star has met the standard for receiving a protective order and its motion should be granted.

### III.

### CONCLUSION

This is a simple issue that should not be clouded by inaccuracies and poor language.  In order to receive the requested discovery, Plaintiff must demonstrate that the requested 2004 discovery is relevant to his 2003 claims.  Plaintiff has not even attempted to meet that burden.

Plaintiff cannot avoid his pleading obligation by asserting a passing discovery response

---

[6] North Star has made clear from the beginning that it does not agree with Plaintiff's position. [Williams Affidavit]  North Star informed Plaintiff well in advance of any discovery being due for the 2004 claims that such discovery was not going to be produced because North Star has always maintained Plaintiff had a duty to amend his complaint.  [*Id.*]  North Star's actions in front of this Court also demonstrate that this course of action would be pursued.  At the last hearing, North Star asked to argue this issue in front of the Court.  The Court deferred requiring any such arguments be made through motion practice.  [*Id.*]  That is exactly what North Star is doing here.

gives North Star the same type of notice required of a complaint, and Plaintiff has not cited one single legal authority that states anything to the contrary. Indeed, Plaintiff has only quoted sources that evaluate a <u>complaint</u> for sufficiency of notice, and has not justified his position in any way. By failing to amend his complaint, Plaintiff has forced North Star to bring this motion for protection or consent by implication to trial of a claim never actually pled by Plaintiff.

North Star requests this Court grant its motion and order that Plaintiff is to pay North Star's costs and fees associated with this motion practice.

DATED at Anchorage, Alaska this 27th day of September, 2006.

Counsel for All Defendants

By: s/ Michael D. White
Michael D. White
PATTON BOGGS LLP
601 West 5th Avenue, Suite 700
Anchorage AK 99501
(907) 263-6300
(907) 263-6345 fax
mwhite@pattonboggs.com
Alaska Bar Assoc. No. 8611144

By: s/ Christine V. Williams
Christine V. Williams
Michael D. White
PATTON BOGGS LLP
601 West 5th Avenue, Suite 700
Anchorage AK 99501
(907) 263-6300
(907) 263-6345 fax
cwilliams@pattonboggs.com
Alaska Bar Assoc. No. 0204007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2006, I caused a true and correct copy of the foregoing document to be served via:

☐US Mail   ☒ **Electronically**   ☐ Hand-Delivery on:

**tseaver@seaverwagner.com**
    Timothy Seaver, Esq.
    Seaver & Wagner, LLC
    421 West 1st Avenue, Suite 250
    Anchorage AK 99501

By:    s/ Desiree R. Burgess
    Legal Secretary
    PATTON BOGGS LLP