Michael D. White (AK Bar Assoc. No. 8611144)
mwhite@pattonboggs.com
Christine V. Williams (AK Bar Assoc. No. 0204007)
cwilliams@pattonboggs.com
Patton Boggs LLP
601 West 5th Avenue, Suite 700
Anchorage, Alaska 99501
Telephone:   (907) 263-6300
Facsimile:   (907) 263-6345

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GLENN STOUT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NORTH STAR PAVING AND CONSTRUCTION, INC., KEN GRINER, STEVE FOSTER, AND JACK FOSTER,<br><br>　　　　Defendants. | Case No. 3:06-cv-81-TMB |

### AFFIDAVIT OF CHRISTINE V. WILLIAMS

Christine V. Williams of PATTON BOGGS LLP, being first duly sworn, states as follows:

1. I am one of the attorneys representing North Star Paving and Construction, Inc., Ken Griner, Steve Foster and Jack Foster (collectively "North Star").

2. North Star has repeatedly objected to Plaintiff's attempt to amend his complaint, and circumvent the civil rules, by way of a passing discovery response.

3. North Star sent letters and had conversations with Plaintiff clearly demonstrating that North Star has met the conferring requirement under Rule 26. Those letters include:

51219

Exhibit A
Page 1 of 3

a. Exhibit B. June 23, 2006, letter from North Star to Plaintiff. ("Please be advised that we do not believe that your current pleadings make a claim for the overtime in 2004 and unless your pleadings are appropriately amended, we will object to any attempt by Mr. Stout to litigate such claims.")

b. Exhibit C. July 20, 2006, letter from North Star to Plaintiff. ("Please advise as to whether you are going to amend your complaint to reflect the additional year you are seeking damages under the FLSA. This is the second time I have requested this information.")

c. Exhibit D. July 25, 2006, email from Plaintiff to North Star. ("In addition, we did not respond to your request regarding our intent to amend the complaint, because it did not require a response.")

d. Exhibit E. August 14, 2006, letter from North Star to Plaintiff. ("Pursuant to our last conversation, North Star is again objecting to your attempt to amend your allegations/claims without amending your complaint.")

4. Plaintiff acknowledges in his affidavit that both he and I agreed that this issue would be resolved through motion practice. That agreement was reached after the August 18, 2006, hearing.

5. I did not acquiesce or agree to Plaintiff's preferred motion practice for North Star. Plaintiff does not allege that an agreement was made to follow his preferences; rather, the only agreement was that this issue would clearly be resolved with motion practice.

AFFIDAVIT OF Christine V. Williams
*Stout v North Star Paving & Construction et al.*
*CASE NO: 3:06-cv-81-TMB* I
Page 2 of 3
51219

Exhibit A
Page 2 of 3

6. I asked to argue this issue in front of the Court at the last hearing, but the Court deferred and asked that the issue be brought forward in briefing if it was not resolved by counsel.

7. North Star clearly did not prejudice Plaintiff by omission of the certificate, as these facts clearly demonstrate North Star conferred with Plaintiff regarding this issue on many occasions.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____  9/27/06
Christine V. Williams

SUBSCRIBED AND SWORN to before me this 27th day of September 2006.



_____
Notary Public in and for the State of Alaska
My Commission Expires: 09-11-2008

AFFIDAVIT OF Christine V. Williams
*Stout v North Star Paving & Construction et al.*
CASE NO: *3:06-cv-81-TMB* I
Page 3 of 3
51219

Exhibit A
Page 3 of 3