

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

601 West Fifth Avenue
Suite 700
Anchorage, Alaska 99501
907-263-6300

Facsimile 907-263-6345
www.pattonboggs.com

Christine V. Williams
(907) 263-6386
cwilliams@pattonboggs.com

July 20, 2006

<u>**VIA FACSIMILE: 276-8238**</u>
Jennifer Wagner, Esq.
Seaver & Wagner, LLC
421 West 1st Avenue, Suite 250
Anchorage AK 99501

      Re:    *Stout v. North Star Paving & Construction, Inc.*
            Our Client No. 023502.0102

Dear Jennifer:

      I know I have asked you return my call and to call me a few times in the last month, and you have not done so. Again, I am asking you to contact me to discuss the concerns set forth in our mutual letters. It is my hope that we can resolve our disputes without the intervention of the court, but as more time passes, that option seems less and less likely. As a last effort to avoid the necessity of filing a motion to compel, I am again trying to address my concerns to you. Please regard this, my earlier letters, and my earlier attempts at telephone communications as "conferring" in compliance with Fed. R. Civ. P. 37.

      First and foremost, do not use my maternity leave as an excuse for your client's delay in calculating damages or any other production. Not only did you refuse to hold anything in abeyance, as witnessed by your correspondence and pleadings, but you also threatened a motion to compel while I was absent.

      Second, please address the following issues:

      A.   <u>Additional Year under the FLSA.</u>   Please advise as to whether you are going to amend your complaint to reflect the additional year you are seeking damages under the FLSA. This is the second time I have requested this information.

      B.   <u>Mr. Stout's Damage Calculations.</u>   Thank you for removing the privilege from the preliminary damage calculations supplied at the mediation. We will proceed with that information. Please advise as to what date, if any, I can expect any supplementation so that we may begin to set a deposition schedule for Mr. Stout.

Exhibit C
Page 1 of 3

 **PATTON BOGGS** LLP
ATTORNEYS AT LAW

Jennifer Wagner, Esq.
July 20, 2006
Page 2 of 3

    C.    <u>Seward Documents</u>.   Please advise as to whether there are Seward documents and if these are the documents you will be producing Friday.

    D.    <u>Interrogatory No. 6</u>. We are entitled to this information and are not required to reveal our precise questions to you. This information goes both to veracity and motive. If you do not indicate willingness to supply the information by Tuesday, July 25, 2006, this will also be subject to a motion to compel.

    E.    <u>Interrogatories No. 7, 8 and 10</u>. You have not provided individual responses setting forth your specific reasons for not wholly answering each. If these are not individually addressed by Tuesday, July 25, 2006, they will also be subject to a motion to compel.

Third, your concerns regarding our discovery responses come almost four full months since we provided our responses to you and only after we challenged your responses to our discovery. Nonetheless, our response to these concerns are as follows:

    A.    <u>Interrogatory No. 1</u>. Interrogatory No. 1 is answered.

    B.    <u>Interrogatory No. 6</u>. I do not understand your objection. We answered the question as it was asked. Please give me a call to discuss.

    C.    <u>Interrogatory No. 9</u>. Interrogatory No. 9 is answered.

    D.    <u>Interrogatory No. 13</u>. The document production is complete and in full compliance with the discovery rules. Your accusations will not be responded to in kind.

    E.    <u>Request for Admission No. 3</u>. I think you are right and the word hired was mistyped to say fired. This is our mistake and I apologize. I will pass the correct wording on to the client, and will have an answer for you within a week.

Exhibit C
Page 2 of 3

49872v1



Jennifer Wagner, Esq.
July 20, 2006
Page 3 of 3

You have previously stated that you have designated to handle this matter in your absence. Please advise as to whether that designation has changed.

Sincerely yours,
PATTON BOGGS, LLP

Christine V. Williams

CVW/mdh

cc:     North Star Paving & Construction, Inc.
        Michael D. White, Esq.

Exhibit C
Page 3 of 3

49872v1