Timothy Seaver, Esq.
SEAVER & WAGNER, LLC
421 W. 1st Avenue, Suite 250
Anchorage, AK 99501
Telephone: 907-646-9033
Fax: 907-276-8238

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GLENN STOUT,<br><br>              Plaintiff,<br><br>vs.<br><br>NORTH STAR PAVING &<br>CONSTRUCTION, INC., KEN<br>GRINER, STEVE FOSTER, and<br>JACK FOSTER,<br><br>              Defendants. | Case No. 3:06-cv-81-TMB |

### SECOND AMENDED COMPLAINT
### (29 U.S.C. § 201; AS 23.10.160; AS 23.05.140)

Plaintiff, Glenn Stout, by and through his counsel, Seaver & Wagner, LLC, states, claims and alleges as follows:

### JURISDICTION

1. This action was removed from Alaska Superior Court by the Defendants. Jurisdiction in this Court, therefore, has been asserted by the Defendants.

### PARTIES

2. Plaintiff, Glenn Stout, is a resident of the State of Nevada.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

3. Defendant North Star Paving and Construction, Inc. (hereinafter North Star) is a corporation organized under the laws of the State of Alaska.

4. Upon information and belief, Defendant Ken Griner is a resident of the State of Alaska.

5. Upon information and belief, Defendant Steve Foster is a resident of the State of Alaska.

6. Upon information and belief, Defendant Jack Foster is a resident of the State of Alaska.

## FACTUAL ALLEGATIONS

7. Defendants Steve and Jack Foster hired Mr. Stout on or about August 6, 2002, as a foreman/supervisor.

8. Upon information and belief, Defendant Steve Foster is North Star's Secretary and a shareholder of the corporation.

9. Upon information and belief, Defendant Jack Foster is North Star's President and a shareholder of the corporation.

10. Upon information and belief, Defendant Ken Griner is North Star's Executive Vice President and General Manager and a shareholder in the corporation.

11. Defendant Ken Griner terminated Mr. Stout as of November 20, 2004.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Case No. 3:06-cv-81-TMB
Second Amended Complaint
Page 2 of 6

12. During the relevant time period, Defendant North Star employed over 15 employees in various capacities.

13. In 2003, Plaintiff worked for North Star from February through the middle of November. From March 18, 2003, through the middle of November, "the construction season," Mr. Stout's employment involved working on various contracts between Defendant and the State of Alaska and the Municipality of Anchorage, respectively.

14. During the construction season, Mr. Stout spent greater than 20 percent of his time performing "non-exempt" work of the type regularly performed by the employees he supervised.

15. Examples of Mr. Stout's non-exempt work included operating construction machinery, grading, placing stationing and elevation markers and laying storm pipe.

16. Throughout the 2003 construction season, Mr. Stout was improperly classified as an exempt employee for purposes of Alaska's wage and hour laws.

17. Throughout the 2003 and 2004 construction season, Mr. Stout was improperly classified as an exempt employee for purposes of the Fair Labor Standards Act.

18. Mr. Stout worked substantial overtime under both the Alaska Wage and Hour Act and the Fair Labor Standards Act for which he was not compensated.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Case No. 3:06-cv-81-TMB
Second Amended Complaint
Page 3 of 6

19. Although terminating Mr. Stout as of November 20, 2004, North Star only paid Mr. Stout through November 13, 2004.

## COUNT I
## VIOLATION OF THE ALASKA WAGE AND HOUR ACT
## AS 23.10.060

20. Mr. Stout reallages and incorporates by reference all allegations set forth in Paragraph 1 through 18 as though fully set forth herein.

21. The Defendants' actions violated AS 23.10.060 governing the payment of overtime for non-exempt employees.

22. Mr. Stout is entitled to unpaid overtime in an amount to be determined at trial in this matter, but which is in excess of $50,000.

23. Mr. Stout is entitled to liquidated damages in the amount of his unpaid overtime as provided in AS 23.10.110(a).

24. Mr. Stout is entitled to actual attorneys' fees and costs in prosecuting this action as provided in AS 23.10.110(c).

## COUNT II
## VIOLATION OF AS 23.05.140

25. Mr. Stout reallages and incorporates by reference all allegations set forth in Paragraph 1 through 23 as though fully set forth herein.

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Case No. 3:06-cv-81-TMB
Second Amended Complaint
Page 4 of 6

26. Defendant North Star failed to pay Mr. Stout through the date of his termination and failed to pay him overtime pursuant to the AWHA and the FLSA as required by AS 23.05.140.

27. Mr. Stout is entitled to be paid through the date of his termination and to receive overtime pursuant to the AWHA and the FLSA.

28. Mr. Stout is entitled to the penalty provided in AS 23.05.140(d).

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201

29. Mr. Stout realleges and incorporates by reference all allegations set forth in Paragraph 1 through 27 as though fully set forth herein.

30. Defendants' actions violated 29 U.S.C. § 207 governing the payment of overtime for nonexempt employees.

31. Mr. Stout is entitled to unpaid overtime in an amount to be determined at trial in this matter, but which is in excess of $50,000.

32. Mr. Stout is entitled to liquidated damages in an amount equal to the amount of the overtime Defendants failed to pay Mr. Stout.

33. Mr. Stout is entitled to actual attorney's fees and costs in prosecuting this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Glenn Stout prays for judgment as follows:

LAW OFFICES OF
SEAVER & WAGNER,
LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

1. For a judgment against Defendants for damages to Plaintiff in an amount to be proven at trial;

2. For a judgment against Defendants for liquidated damages;

3. For a judgment against Defendant North Star for penalties pursuant to AS 23.05.140(d);

4. For actual attorneys fees and costs;

5. For any other relief as the Court considers appropriate.

DATED this 6th day of November, 2006, at Anchorage, Alaska.

SEAVER & WAGNER, LLC
Attorneys for Plaintiff

By: s/ Timothy Seaver
Timothy W. Seaver
Seaver & Wagner, LLC
421 W. 1st Ave, Suite 250
Anchorage, AK 99501
(907) 646-9033
tseaver@seaverwagner.com
ABA #9711092

Certificate of Service
The undersigned certifies that the foregoing was served electronically on this 6th day of November, 2006.

Michael White
Christine Williams
Patton Boggs LLP
601 W. 5th Ave., Suite 700
Anchorage, AK 99501

s/Timothy Seaver
Timothy Seaver

LAW OFFICES OF
SEAVER & WAGNER, LLC
421 W. 1ST AVENUE
SUITE 250
ANCHORAGE, AK 99501
(907) 646-9033

Stout v. North Star Paving and Construction, Inc., et al
Case No. 3:06-cv-81-TMB
Second Amended Complaint
Page 6 of 6